## MAHR v. BOARD OF COUNTY COM'RS OF POTTAWATOMIE COUNTY.

No. 593.   Opinion Filed July 12, 1910.

(110 Pac. 751.)

**COUNTIES — Powers of County Commissioners — Contracts.** One member of a board of county commissioners cannot bind the county to pay for the services of a physician in attending upon the poor without first having been authorized thereto by a majority of said board whilst in session.

(Syllabus by the Court.)

*Error from Pottawatomie County Court; E. D. Reasor, Judge.*

Action by J. C. Mahr against the Board of County Commissioners of Pottawatomie County. Judgment for defendants, and plaintiff brings error. Affirmed.

*E. O. Cassidy, P. O. Cassidy,* and *W. M. Engart,* for plaintiff in error.—Citing: *Welton v. Town of Walcott,* 45 Conn. 329; *Ward v. Town of Forest Grove,* 25 Pac. 1020; 2 Beach on Corporations, secs. 964-966.

*C. P. Holt* and *H. L. Johnson,* for defendant in error.—Citing: *Board of Com'rs v. Seawell,* 3 Okla. 281, and *Railroad Co. v. Anderson Co.,* 16 Kan. 302.

WILLIAMS, J.   The plaintiff in error as plaintiff declared against the defendants in error as defendants in two counts:   (1) That in January, 1905, he and the defendants entered into a verbal agreement by the terms and conditions of which he was employed as a physician and surgeon to give medical care and treatment to the paupers and persons who were county charges in the city of Shawnee and vicinity, agreeing to pay him for such services the sum of $35 per month, payable quarterly at the expiration thereof.   That he performed such undertaking, beginning with the date thereof and ending on the 31st day of March, 1906. That defendants paid plaintiff all the sums due under the terms of

said agrement excepting the sum of $105, which was still due and unpaid. That on March 31, 1906, he filed sworn and itemized statement in the manner and form as required by law with the defendants, and that they refused and still refuse to allow said account and order the same to be paid. (2) That the defendants are indebted to him in the sum of $423 for professional services as a physician and surgeon rendered and performed in giving medical care to the poor and paupers and county charges in the city of Shawnee and vicinity thereof. That said services were performed at the special instance and request of said defendants, who agreed to pay the reasonable value and worth thereof, the reasonable value of which is $423. That on the 1st day of October, 1906, plaintiff filed his sworn itemized statement in the manner and form as required by law, but the defendants still refuse to allow said account and order same to be paid. By amendment the following was added to the second count: That all and each item of such services were rendered in case of an emergency, that is, in which the patient was in absolute need of medical attention, and at the time of the rendition of such services there was no physician in the employ of the city of Shawnee and vicinity, and that in each the services were performed at the instance of Robert Hagar, one of the commissioners of said county, said city being within his district. Defendants demurred to the second count as amended on the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was sustained and judgment thereon finally rendered in favor of the defendants against the plaintiff and for the costs, etc. The action as to the first count was continued.

Section 3931, Wilson's Rev. & Ann. St. 1903, provides that the county commissioners of the several counties shall be overseers of the poor for their respective counties, and shall perform all the duties with reference to the poor of their several counties as may be prescribed by law. In *Board of County Commissioners of Cleveland County v. Seawell,* 3 Okla. 281, 41 Pac. 592, it is said:

"When the contract of (or) lease was entered into between

Seawell and the county, it was stipulated that the building should be ready for the county on the 1st day of January, 1891, and, in case it was not, Seawell was to forfeit the first quarter's rent. Seawell seeks to avoid the effect of this agreement by showing that James N. Bishop, then a member of the board, told him that, if it was ready by February 9th, the time court was to convene, it would be satisfactory. When the lease was entered into, it appears that the board of commissioners was in session and all matters pertaining thereto were placed of record. It is not shown that the board in any manner modified or changed the contract. It is claimed that one of the individual members at a time subsequent to the date upon which the contract was entered into had a conversation with Seawell, in which such member consented to begin occupation of the building on February 9th. Article 6, c. 24, St. 1890, which provides for a board of county commissioners, also makes provision for the time and place of the meeting of such board, how they shall transact business, and the record they shall keep of all transactions had on behalf of the county. Under sucn law the only way by which the county could be bound upon a contract was by action taken by the board while it was in session. And the evidence of what was done were the records kept by the board. Under this law a board of county commissioners could only act to bind the county while they were sitting as a board, and an agreement of one of the members, in the absence of the others, could not bind such county."

In *P. & F. R. Ry. Co. v. Com'rs of Anderson Co.,* 16 Kan. 302, it is held:

"The powers of a county are vested in a board of commissioners as a corporate entity, and not in the commissioners separately and as individual officers. The county board, before it can act, must be convened in legal session, either regular, adjourned, or special; and a casual meeting of a majority of the commissioners does not create a legal session."

See, also, *School Dist. No. 39 v. Shelton, infra,* 109 Pac. 67. It is not alleged in this case that by any resolution of the board of county commissioners this one commissioner was authorized to employ the plaintiff in error to perform the services herein sued for. The demurrer to the second count was properly sustained.

The judgment of the lower court is affirmed.

All the Justices concur.