## BOARD OF COM'RS OF GARFIELD COUNTY v. BEBB et al.

No. 5428.   Opinion Filed October 19, 1915.

(152 Pac. 595.)

1.   **SHERIFFS AND CONSTABLES—Fees—Services as Guard—Insane Persons.** A county is not liable to a deputy sheriff for $3 per day for services as guard while conveying persons adjudged insane to the State Hospital for the Insane.

2.   **COUNTIES—Claim Against County—Acceptance of Part Payment.** A person presenting a claim against a county, a part of which was allowed and a part disallowed, who accepts a warrant for the part of the claim allowed, cannot thereafter maintain a suit against the county for the part of the claim disallowed.

(Syllabus by Galbraith, C.)

*Error from District Court, Garfield County;*
*J. W. Steen, Judge.*

Action by Robert Bebb and another against the Board of County Commissioners of Garfield County. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

*W. W. Sutton,* Co. Atty., for plaintiff in error.

Opinion by GALBRAITH, C.   This appeal is prosecuted from the judgment of the trial court rendered upon claims of the defendants in error against Garfield county, presented to the board of county commissioners and disallowed. There is no controversy as to the facts. The defendants in error were deputy sheriffs of Garfield county, and the claims upon which the judgment is based were for per diem claimed at the rate of $3 per day for services as "guards" in conveying persons from Garfield county to the Hospital for Insane

at Ft. Supply. The commissioners allowed to each of the claimants a portion of the claims, that is, for actual expenses incurred, but refused to allow any claim for per diem. Warrants were issued by the county clerk for the amount of the claims allowed, and delivered to the claimants, and these warrants were subsequently paid. Each of the claimants gave notice to the county clerk, upon accepting the warrant, that he only accepted the same as part payment of his claim, and reserved the right to sue the county for the balance. No statute is called to our attention, and we know of none, that makes the county liable to a deputy sheriff for $3 per day for services as guard while conveying insane persons to the hospital for the insane, and we therefore conclude that these claims were not proper charges against Garfield county, and that it was the duty of the board to disallow the claims in suit. The established rule in this state is announced in the first paragraph of the syllabus in *Anderson v. Board of County Commissioners of Grant County,* 44 Okla. 164, 143 Pac. 1145, as follows:

"One who demands payment of a claim against a county must show some statute authorizing it, or that it arises from some contract, express or implied, which finds authority of law; and it is not sufficient that the services performed for which payment is demanded were beneficial." *Commissioners of Washita County v. Brett,* 32 Okla. 853, 124 Pac. 57; *Ticer v. State ex rel. Holt,* 35 Okla. 1, 128 Pac. 493.

It is equally clear that the district court erred in rendering judgment in favor of the claimants on these respective claims. See provision of section 1631, Rev. Laws 1910, which specifically provides:

"When any allowance, either in whole or in part, is made upon any claim presented to the board of county

commissioners and is accepted by the person making the claim, such allowance shall be a full settlement of the entire claim."

These claimants, each having accepted the warrant from the county clerk for a part of the claim in suit, were barred by the provisions of this statute from prosecuting a suit against the county for the balance of such claims.

We therefore recommend that the judgment appealed from be reversed, and said cause remanded, with directions to dismiss the same at the cost of the defendants in error.

By the Court: It is so ordered.