## BUTLER v. BOARD OF COM'RS OF DELAWARE COUNTY.

No. 7585.    Opinion Filed May 16, 1916.

(157 Pac. 912.)

1.  **COUNTIES—Claims—Presentation—Estoppel.** Where a claim against a county is presented to its board of county commissioners, and is by such board allowed in part and a warrant drawn for the sum allowed, and the warrant thus issued is accepted, the party accepting such warrant is thereby estopped from a recovery for that part of the claim which was disallowed by the board.

2.  **COUNTIES—County Board—Proceedings.** Article 9, c. 16, Rev. Laws 1910, which provides for a board of county commissioners, also makes provision for the time and place of the meeting of such board, how they shall transact business, and the record they shall keep of all transactions had on behalf of the county. Under such law the only way by which the county could be bound upon a contract was by action taken by the board while it was in session. And the evidence of what was done is the records kept by the board. Under this law a board of county commissioners could only act to bind the county while they were sitting as a board.

(Syllabus by Mathews, C.)

*Error from District Court, Delaware County;
John H. Pitchford, Judge.*

Action by O. E. Butler against the Board of County Commissioners of the County of Delaware. Judgment for defendant, and plaintiff brings error. Affirmed.

*J. G. Austin,* for plaintiff in error.

*Lowis N. Stivers* and *Ad V. Coppedge,* for defendant in error.

Opinion by MATHEWS. C.  This was an action to recover upon two accounts which plaintiff avers to be due

him by Delaware county for publishing certain legal notices in the Grove Sun, a weekly newspaper owned by him.

In defendant's answer it was admitted that plaintiff performed the services as averred, and alleged that plaintiff and defendant had entered into a written contract wherein plaintiff had contracted to do the county printing in the Grove Sun for the year 1914 on a competitive basis and at a price materially less than the rate provided by law; that thereafter the defendant caused to be delivered to plaintiff copy of all publications required by law to be made at the prices agreed on in said contract; that plaintiff filed with the county clerk of Delaware county two claims for printing legal publication notices in the sum of $779.10 and $150, respectively; that said board of commissioners, upon consideration of said two claims in due course, ascertained that under said contract with plaintiff there was due plaintiff thereon the sum of $460.91; and that said accounts were duly allowed in that sum, and the county clerk instructed to issue a warrant to plaintiff therefor, and said warrant was tendered plaintiff, which plaintiff accepted, and for said reason the entire claim of plaintiff had been settled and discharged by such acceptance.

In his reply, as far as is necessary for a decision in this case to be set out, the plaintiff denied that the contract mentioned in said answer included the publishing of the legal notices for which the two accounts were rendered, and further replied as follows:

"For reply to defendant's second defense plaintiff admits that said claim of plaintiff was cut as indicated in said answer, and that an arbitrary allowance was made to plaintiff of $460.91, which was refused by plaintiff, and

this suit brought; that said commissioners by said allowance in part and disallowance of part were not attempting to settle a difference in court or in squares, or any disputed fact, but attempted to arbitrarily fix the rate and amount of compensation for said publications, and acting upon the theory that said written contract governed; that at no time d'd plaintiff receive an offer of said warrant in settlement and satisfaction of his claim, but alleges the fact to be that said warrant was issued for an arbitrary amount being admitted as owing plaintiff; that no part of said warrant was for any part of that part of claim in dispute; that pla'ntiff did, after the commencement of this action, take the matter up with the chairman of the board of county commissioners at a regular session of said board, and discussed the matter of the acceptance of said warrant for $460.91, and that it was understood and agreed that same would not be accepted in any manner as a compromise of said suit, but was merely to be received as that much paid on account, and that, if plaintiff was entitled to anything more on final hearing of this action, said payment was not to be used nor received as a settlement or compromise of said claim; that, while it was talked by some members of said board that plaintiff could not rece've and use said warrant for the undisputed part of said claim without forfeiting said right of action for the remainder, at the time said warrant was accepted it was understood that same was received as part payment only, and it was expressly agreed with the chairman of said board and with the officers delivering said warrant that same was in no wise to be used as a defense to this action."

The court sustained defendant's motion for judgment upon the plead'ngs, and his action thereon is assigned as error.

Each question necessary to be passed on here for a proper determination of th's case has been heretofore

passed upon by this court and decided adversely to plaintiff's contention. It is a fundamental and settled principle of the common law that, where one person has a claim against another and accepts a less amount than that claimed in satisfaction thereof, he cannot afterwards successfully maintain an action for the balance. The Legislature of this state has seen fit to embody this principle of law into a statute and has expressly enacted in section 1631, Rev. Laws 1910:

"When any allowance, either in whole or in part, is made upon any claim presented to the board of county commissioners and is accepted by the person making the claim, such allowance shall be a full settlement of the entire claim."

While the terms of this statute are so plain that no judicial interpretation seems necesssary, yet we find that the same has been before this court at least three times.

In the case of *County Commissioners v. Seawell,* 3 Okla. 281, 41 Pac. 592, it was held:

"Where a claim against a county is presented to its board of county commissioners, and is by such board allowed in part and a warrant drawn for the sum allowed, and the warrant thus issued is accepted, the party accepting such warrant is thereby estopped from a recovery for that part of the claim which was disallowed by the board."

This doctrine was reaffirmed in the case of *Board of Commissioners v. Bebb,* 52 Okla. 18, 152 Pac. 595. This matter was before the court in the case of *County of Oklahoma v. Blakeney,* 5 Okla. 70, 48 Pac. 101, and is the case relied upon by plaintiff to support his contention. In that case it is said:

"Where a claimant presents his claim to the commissioners for allowance, and it is in part allowed by the board, and he accepts the amount thus allowed in satisfaction of his claim, he will not be permitted to maintain an action for the part disallowed. Of course, where one accepts a partial payment of a disputed account in full settlement and satisfaction, he cannot thereafter assert the right to recover for the balance. But in the case at bar there is no evidence in the record tending to show that the amount allowed by the county commissioners was accepted or intended to be accepted in full satisfaction of the claim presented; on the contrary, the record shows by the proceedings of the board of county commissioners that the amount allowed and accepted was in partial payment and intended to be only in partial payment of the claim presented, and we must hold that such partial payment did not deprive the defendant in error of the right to subsequently present his claim for the balance of said account to said commissioners for allowance, or to appeal from their order subsequently made disallowing said balance."

It will be noted that this case recites that "the record shows by the proceedings of the board of county commissioners that the amount allowed and accepted was in partial payment and intended to be only in partial payment of the claim presented," and here is where this case departs from the case at bar.

There is nothing in the record to show that the warrant accepted by plaintiff was intended by the parties to be a partial payment only, and that is fatal to plaintiff's contention. But plaintiff relies upon his reply to defendant's answer wherein he alleged that he took the matter up with the chairman of the board of county commissioners before he accepted said warrant, at a regular

session of said board, and that it was understood and agreed that the same would not be accepted as full payment, but as part payment only, if it should be decided plaintiff was entitled to anything more at a final hearing of this action (which had been instituted prior to that time), and plaintiff, on this point, alleged further that:

"It was expressly agreed with the chairman of said board and with the officers delivering said warrant that same was in no wise to be used as a defense to this action."

The vice with this contention is concisely stated in the case of *County Commissioners v. Seawell, supra,* as follows:

"Article 6, c. 24, Laws of 1890, which provides for a board of county commissioners, also makes provision for the time and place of the meeting of such board, how they shall transact business, and the record they shall keep of all transactions had on behalf of the county. Under such law the only way by which the county could be bound upon a contract was by action taken by the board while it was in session. And the evidence of what was done were the records kept by the board. Under this law a board of county commissioners could only act to bind the county wh'le they were sitting as a board, and an agreement of one of the members, in the absence of the others, could not bind such county."

In the case of *Board of Commissioners v. Bebb, supra,* a case similar to the one at bar, notice was given to the county clerk upon accepting the warrant that the same was accepted as part payment, and that the right to sue the county for the balance was reserved, but the court there held that such notice of reservation could not avail the party, but that he was precluded thereby from maintaining an action for the balance claimed. *Mahr v. Board*

*of County Commissioners of Pottawatomie County*, 26 Okla. 628, 110 Pac. 751.

As there is no allegation that the said agreement set up in plaintiff's reply was made by the board of county commissioners while in session, or, if made with the chairman of the board, that it was afterwards ratified by the board in regular session, we must hold that the allegations of the reply did not raise an issue, and the ruling of the court in rendering judgment on the pleadings was correct.

Plaintiff would have raised an issue of fact that entitled him to a hearing on the facts if he had rested his pleadings upon the allegation that the amount allowed by the board of county commissioners was intended to be in partial payment only of his claim, but, when he went further, and pleaded special facts which show that there was no such legal understanding or agreement, then his general allegations were overturned by his special allegations which contradict and refute the general.

Plaintiff next urges:    (1) That the contract relied on by defendant does not include or cover the two items of publication from which the two claims in controversy arose; and (2) as the larger part of the account was for advertising the resale of land bought in by the county for taxes, section 7410, Rev. Laws 1910, gives the county treasurer the right to select the paper to make said publication in and to contract for the price to be paid therefor.

A sufficient answer to both propositions is that, as has already been decided in this opinion, the plaintiff has seen fit to accept the sum allowed by the commissioners,

and is now precluded from urging that an additional, sum is due him, or that he made the contract with the county treasurer instead of the county commissioners.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.