**OKLAHOMA, N. M. &. P. RY. CO. v. DOWNEY, Adm'r.**

No. 15568—Opinion Filed Dec. 8, 1925.

Rehearing Denied March 16, 1926.

**1. Customs and Usages — Repugnancy to Statute.**

A custom or usage repugnant to the express provisions of a statute is void, and wherever there is a conflict between a custom or usage, the statutory regulation must control. 17 C. J. 475.

**2. Railroads — Injury to Person Jumping Trains Unlawfully—Custom as Excuse Not Admissible.**

Under section 2026, C. S. 1921, jumping and riding freight trains, except by employes in discharge of duty, is prohibited, and evidence tending to prove a custom in this respect for the purpose of excusing, or by way of explaining the act of a person who tried to jump and ride a moving freight train and was injured, for which damages are sought, is incompetent, and, if permitted over objections of defendant, is reversible error.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by C. W. Downey, as administrator, against the Oklahoma, New Mexico & Pacific Railway Company for damages for wrongful death. Judgment for plaintiff, and defendant appeals. Reversed.

Silas L. Egly, Adams & Orr, and Kleinschmidt & Johnson, for plaintiff in error.

Brown, Brown & Williams, for defendant in error.

Opinion by THREADGILL, C. On August 10, 1921, Joe Downey, who was a farmer living with his wife and two children in the neighborhood of Wilson, decided to go to Ringling, and undertook to catch hold and climb on top of a freight car of defendant's moving freight train, going at the rate of ten or 12 miles an hour, and in so doing his hold slipped and he fell, striking his head upon a cross-tie, and was fatally injured and died a few hours later. The widow brought suit for damages, alleging negligence on the part of the defendant railway company through its agents, servants, and employes. The petition stated that the deceased stood at the place on the railroad right of way where it was customary for trains to be flagged to take on passengers for cash fare, and that he indicated to the defendant's agent operating the freight train that he desired transportation, and the "defendant slowed down said train and one of its servants, agents, and employes indicated to this deceased to get upon said train." That deceased attempted to get upon said train, and after taking hold of the "handhold" and placing his feet upon the "foothold," the "defendant, through its agents, servants and employes, after seeing the condition that said deceased was in, did apply the brakes in a violent and unusual manner, and did negligently, willfully, and wantonly, and with an utter disregard of the rights of this deceased and without the use of reasonable care, cause said train to be stopped violently and suddenly, as a result of which this deceased was thrown from said train upon the tracks and ties of said railroad, thereby crushing his head and skull, as a result of which the deceased did on the 11th day of August, 1921, die." It is further stated that this negligence was the proximate cause of the injury and death. Deceased was 34 years of age at the time of the accident. It is further stated that plaintiff paid out $266 for doctor bills and burial expenses; that the widow and two children were dependent solely upon the work of the deceased for support, and damages in the sum of $25,000 were asked, together with $266 for doctor bills and burial expenses. There was a demurrer to the petition, which was overruled.

Defendant answered by a general denial and by pleading contributory negligence. It

stated that deceased was a trespasser in attempting to get on the moving freight train which was not authorized to carry passengers; that since May 15, 1921, nearly three months prior to the accident, the defendant made a rule prohibiting freight trains from carrying passengers. Before the cause came on for trial, the widow, Addie May Downey, died, and C. W. Downey, as administrator of the estate, was substituted as the plaintiff. On September 25, 1923, the issues were tried to a jury and resulted in a verdict and judgment for plaintiff in the sum of $15,000, to reverse which the defendant has appealed to this court.

Defendant's first complaint is that the court committed error in allowing plaintiff to introduce evidence tending to show that it was customary for persons in general to climb on defendant's moving freight trains and ride them without paying fare. The record shows that the court permitted plaintiff to introduce the testimony of nine witnesses to the effect that it was customary for persons, whether in the employ of the railroad or not, to board defendant's freight trains while moving, and ride them either on the box cars or in the caboose without paying any fares. Defendant objected to the questions bringing out this evidence, and excepted when overruled. When the witness, Robert Strong, was giving his evidence as to this custom, defendant objected, calling the court's attention to the statute making it a misdemeanor for persons unrelated to the railroad, as the deceased was, to ride or attempt to ride, on top of the freight cars. The court answered by stating that defendant could bring this question up later. When the objection was further presented to the court, after the nine witnesses had testified to the custom, the court ruled as follows:

"The court rules that all these questions about boarding freight trains of the defendant which have been asked the foregoing witnesses are proper questions as tending to show a custom which existed, and the court will allow the questions and answers to stand."

We think this rule of the court erroneous. There was no issue justifying this evidence. The issue as to custom tendered by plaintiff's petition was that deceased offered to board the train at a place where "it was customary for trains to be flagged" by passengers to get aboard and pay fare, and the undisputed evidence shows that the place where deceased tried to get on the box car was not at a flag station, and the train was not one subject to be flagged to take on passengers for cash fare. There was no question of invitee or licensee in the issue. The rule is:

"A particular custom or usage relating to a particular locality or trade must, according to the general rule, be pleaded." 17 C. J. 517.

And again:

"To render evidence as to a custom or usage admissible, the custom or usage must be pertinent to the issues involved." 17 C. J. 520.

This evidence was used to prove a custom not in the issues and which was prohibited by statute. Its tendency was to lead the jury to believe that the deceased had the right to board the freight train as he was attempting to do. To say the least, it was confusing to the issues in the case.

Section 2026, Comp. St. 1921, reads as follows:

"Any person other than a railway employe in the discharge of his duty, who, without authority from the conductor of the train, rides or attempts to ride on top of any car, coach or engine or tender on any railroad in this state, or on the drawheads between the cars or under the cars or truss-rods or trucks, or in any freight car, or on the platform of any baggage car, express car or mail car, or any train in this state shall be guilty of a misdemeanor."

This statute was enacted for the purpose of preventing the very acts that caused deceased to lose his life, and no custom, no matter how far-reaching and well known, could prevail against its force to give any rights to the trespasser. Kohn v. Sacramento Electric, Gas & Ry. Co. (Cal.) 141 Pac. 629; Ettien v. Drum (Mont.) 80 Pac. 370; Portland Fish Co. v. Benson (Ore.) 108 Pac. 122.

In 17 Corpus Juris 475, the rule is stated as follows:

"A custom or usage repugnant to the express provisions of a statute is void and wherever there is a conflict between a custom or usage, the statutory regulation must control."

Plaintiff contends that this evidence of custom was not offered to contravene the statute, but to show a custom prevailing in spite of the rules of the company. We think this statement is too broad to be in harmony with the record. In the brief counsel say:

"We offered this testimony and the defendant offered its testimony showing that this was done in violation with the rules of the company which raised an issue to be submitted."

It will be observed that plaintiff offered his testimony as to custom, which was out-

side the issues, and defendant offered its testimony showing that it did not take passengers on freight trains since May 15, 1921, and this testimony was within the issues as to the train in controversy being one carrying passengers and one subject to being flagged at flag stations as pleaded by plaintiff. There was no issue joined by plaintiff's testimony as to custom and defendant's testimony as to freight trains not carrying passengers.

Plaintiff further contends that the court did not permit the jury to believe the testimony as to custom, proving that deceased was a trespasser, "but on the contrary told the jury in instruction No. 5 that the deceased was a trespasser." It is true the court instructed the jury in paragraph 5 of its general charge that the deceased was a trespasser upon the right of way of defendant, and that defendant owed him no duty except not to injure him intentionally and wrongfully. But can we say this was sufficient to clear the minds of the jury as to the meaning of the evidence on the question of custom, which the court had permitted to go to them and had "ruled" to be proper "tending to show a custom which existed"? The defendant was entitled to have the cause tried on the issues as made up by the pleadings without being confused with an issue settled by statute, and we think its statutory right was violated by permitting this evidence as to the custom of "jumping and riding freight trains" to be introduced for the consideration of the jury, and the defendant was thereby deprived of a fair trial. There are other questions raised and discussed by the parties in their briefs, but since we find it necessary to reverse the judgment on the question above considered, we do not deem it necessary to pursue the subject further.

The judgment should be reversed, and the cause remanded for a new trial not inconsistent with the views above expressed.

By the Court: It is so ordered.

Note.—See under (1) 17 C. J. pp. 475, 476. §35; 27 R. C. L. p. 166. (2) 17 C. J. p. 475, §35.