1325; 5 R. C. L. Supp. p. 1242; 6 R. C. L. Supp. p. 1373. (5) 9 C. J. p. 1216. §109; 21 C. J. p. 172, §151; p. 180, §162; 10 R. C. L. p. 393; 2 R. C. L. Supp. p. 1009; 4 R. C. L. Supp. p. 664; 5 R. C. L. Supp. p. 553; 6 R. C. L. Supp. p. 610. (6) 27 Cyc. pp. 1425, 1426, 1428. (7) 21 C. J. p. 134, §117, p. 138. §119: 10 R. C. L. p. 370; 2 R. C. L. Supp. 1007; 4 R. C. L. Supp. p. 663; 5 R. C. L. Supp. p. 552; 6 R. C. L. Supp. p. 609.

## COKER et al. v. MEADORS.

No. 17051. Opinion Filed July 26, 1927.

(Syllabus.)

**Guardian and Ward—Validity of Sale of Real Estate—Syllabus Adopted.**

The syllabus in Coker et al. v, Howard, 122 Okla. 12, 250 Pac. 130, is hereby referred to and adopted as the syllabus in this case.

Error from District Court, Hughes County; Geo. C. Crump, Judge.

Action between W. T. Meadors and Cheparney Coker and another. From the judgment, the latter bring error. Affirmed.

Orr & Woodford and Norvell & Haulsee, for plaintiffs in error.

Anglin & Stevenson, for defendant in error.

HUNT, J. This is an appeal from the district court of Hughes county, being a companion case to No. 17052, wherein the identical question presented here was involved. Both cases were tried at the same time in the district court of Hughes county, and based entirely upon the same state of facts. Case No. 17052, Cheparney Coker and Eliza Coker v. R. H. Howard, was decided by this court on October 26, 1926, and has now become final, being reported in 122 Okla. 12, 250 Pac. 130. The opinion of. this court in said cause is decisive of all questions involved herein, and this cause is therefore affirmed on the authority of that case, and the syllabus announced therein on the questions of law involved is hereby adopted as the syllabus in this cause.

All the Justices concur.

## McCASLAND v. BOARD OF COM'RS OF ADAIR COUNTY.

No. 17712. Opinion Filed July 26, 1927.

(Syllabus.)

**1. Counties—Removal of Officers — Sufficiency of Petition.**

An unverified motion to quash a petition for removal of a county officer containing allegations unsupported by evidence is properly overruled where such petition on its face and by the attested signature thereto shows the action to be instituted by the proper party. As to whether a proper resolution was passed authorizing the commencement of the action, in the absence of contrary evidence, the presumption must be indulged that officers do their duty.

**2. Customs and Usages—Inadmissible When Repugnant to Statute.**

It is not error to reject evidence offered to prove a custom repugnant to the express provisions of the statute.

**3. Sheriffs and Constables—Removal of Sheriff not Criminal Proceeding—Quantum of Proof.**

A proceeding under the provisions of section 2407, Compiled Oklahoma Statutes, 1921, for the removal of a sheriff is not a criminal proceeding, but is a special proceeding, and it is not necessary to prove the guilt of the defendant beyond a reasonable doubt; it is sufficient and proper to instruct the jury that guilt of maladministration as charged must be proved by a clear preponderance of the evidence, notwithstanding section 2404, Compiled Oklahoma Statutes, 1921, which provides that the trial must be by jury and conducted in all respects in the same manner as the trial of an indictment for a misdemeanor.

**4. Same—Evidence Sustaining Removal of Sheriff.**

Record examined, and held sufficient to warrant the judgment of removal based upon a verdict of guilty under counts 2 and 3 of the allegations of the petition.

Error from District Court, Adair County; A. C. Brewster, Judge.

Action by the Board of County Commissioners of Adair County for the removal of Tom McCasland from the office of sheriff. Judgment of removal based upon jury verdict. Defendant appeals. Affirmed.

R. Y. Nance, for plaintiff in error.

George F. Short, Atty. Gen., and V. P. Crowe, Asst Atty. Gen, for defendant in error

PER CURIAM. This action was brought by the board of county commissioners of Adair county for the removal of plaintiff in error from the office of sheriff of said county. The petition filed alleged in 13 counts the willful maladministration and corruption in office and failure to account for all funds coming into the defendant's hands. On the trial of the cause, counts 7, 8, 9, and 11 were dismissed. On March 20, 1926, after a trial by jury, a verdict of guilty was rendered as to counts 2, 3, and 10, and a verdict of not guilty was rendered as to counts 4, 5, 6, 12, and 13. Upon the verdict of the jury the court rendered judgment removing the defendant Tom McCasland from the office of sheriff of Adair county, and after a motion for new trial was filed and overruled the defendant perfected this appeal.

The counts upon which the defendant was convicted are as follows: Count 2, being that McCasland, as sheriff, permitted one Led Girdner to run at large during the time he was ordered committed to the county jail for violation of the liquor law; count 3, being that McCasland, as sheriff, permitted one Charley Worley to run at large during the time he was committed to the county jail for a violation of the liquor law; count 10, being that McCasland retained one Led Girdner as deputy sheriff in his office during the time the said Led Girdner was under a sentence for violation of the liquor law and under commitment to serve a term of 30 days in said county jail and pay a fine of $50.

Evidence offered on behalf of the state shows that Girdner was on September 12, 1925, sentenced to serve a term of 30 days in the county jail of Adair county and to pay a fine of $50; that ten or twelve days after such sentence, and prior to the expiration of such sentence, Girdner was seen in a cow pasture adjoining the town of Stilwell; that Girdner was then carrying a gun. C. A. Mallow testified he saw Girdner on the streets of Stilwell almost every day during the months of September and October, and that Girdner helped make an arrest in Stilwell between September 12, 1925, and January 1, 1926 Mallow testified he saw Charley Worley nearly every day on the streets of Stilwell. Witnesses Bouquet and Brannon testified that in October, 1925, Girdner helped make a raid in Adair county some 12 or 15 miles from the county seat. The evidence shows that Girdner also arrested one Baxter Sanders on December 24, 1925. John Hughes testified that he was working prisoners on the road from September 7th to September 20, 1925; that he went to the sheriff's office at the courthouse to get the prisoners in the morning and returned them to the jail in the evening, and that on many of these occasions he saw Girdner sitting in the sheriff's office, and that he saw Charley Worley around the town of Stilwell nearly every day during that time; that he never saw Girdner or Worley in the county jail of Adair county, though he was frequently there to get the prisoners to work on the road; that on one occasion he asked Sheriff McCasland if he could not work the prisoner Worley on the road, and that McCasland asked Deputy Sheriff Patterson where Worley was, and Patterson told McCasland that Worley was up at his (Worley's) store working on the books, and that McCasland told the witness to go ahead that day without Worley and that he could take him the next morning, but that he never at any time either saw Worley in jail or worked him on the road. Bill Barker testified that he saw Girdner on the streets of Stilwell nearly every day between September 12, 1925, and January 1, 1926, and that he saw Worley nearly every day on the streets of Stilwell from July, 1925, to the date of this trial, March 18, 1926. Several other witnesses testified that they were arrested by Girdner between the dates of September 12, 1925, and January 1, 1926. Worley, as witness for the plaintiff, testified that he was convicted of violating the liquor law and sentenced to serve 60 days in jail and pay a fine of $400; that he was committed to jail on October 21, 1925, and stayed in jail one night under said commitment; that he cooked for the prisoners of the jail 23 days, but went home every night during said time, and spent the night at home, and that he worked in his store at Stilwell during the 23 days he was cooking, except at mealtime, and that after he cooked for the prisoners 23 days he got busy in his store and did not come back, and that he had been at liberty since and had not paid his fine or cost; that Sheriff McCasland asked him about paying the fine while he was cooking; that he saw McCasland frequently on the street during that time. Girdner testified for the defendant that he served 38 days in jail, but that he spent only a few nights of that time locked in jail; that he swept the courthouse and cooked and stayed in the kitchen; that he went to his home, 12 or 15 miles from the county seat, alone;

that he frequently sat in the sheriff's office and talked; that he served several processes and acted as deputy sheriff from November 1, 1925, to January 1, 1926, and made several arrests and searched one place before his fine had been paid or served out.

The defendant McCasland testified that he did not know whether Worley was in jail or out during the time he was under commitment and did not know how many days Girdner served of his sentence.

There was no evidence offered to show that Worley served his time in jail, but at the time of trial he was still at large notwithstanding his fine had not been paid.

For reversal it is contended that the court erred in overruling the motion to quash the petition on the ground of insufficiency. It is said that the resolution authorizing the proceedings for removal was signed and passed upon by the chairman of the board of county commissioners and one member thereof only, and without the participation of the third member of the board of county commissioners.

The record does not contain the resolution passed by the said board, neither is there any evidence that said resolution was voted upon by the number and in the manner stated. The petition for removal is shown by the record to have been signed by the county commissioners of Adair county, by O. H. Worley, chairman. There is a motion on behalf of defendant to quash the petition. The motion is not attested and is signed by the attorney for the defendant.

Plaintiff in error bases his argument upon section 5783, Compiled Oklahoma Statutes, 1921, which is as follows:

"When the board of county commissioners are equally divided on any question, they shall defer a decision until the next meeting of the board, and then the matter shall be decided by a majority of the board."

There is no evidence that the board of county commissioners were equally divided. The resolution of the board of county commissioners not being contained in the record, we do not know the manner, nor the time when the final decision of the board of county commissioners was made.

See Mahr v. Board of County Commissioners, 26 Okla. 628, 110 Pac. 751.

We indulge the presumption that officers do their duty.

We think the contention is without merit.

It is next contended that the court erred in refusing to permit the plaintiff in error to prove that it was the custom of sheriffs of Adair county to permit prisoners to run at large.

Plaintiff objected to the proof of the custom on the ground that custom or usage could not vary the terms of a positive statute of the state.

Section 5898, Compiled Oklahoma Statutes, 1921, is as follows:

"The sheriff shall have the charge and custody of the jail of his county, and all the prisoners in the same, and shall keep such jail himself, or by his deputy or jailer, for whose acts he and his sureties shall be liable."

Section 1663, Compiled Oklahoma Statutes, 1921, is in part as follows:

"Any sheriff, coroner, clerk of a court, constable or other ministerial officer and any deputy or subordinate of any ministerial officer, who either: First. Willfully or carelessly allows any person lawfully held by him in custody to escape or go at large except as may be permitted by law; * * * is guilty of a felony."

Section 8328, Compiled Oklahoma Statutes, 1921, provides that district judges shall prescribe the rules for the governing of jails, and section 8332, Compiled Oklahoma Statutes, 1921, provides that the sheriff shall have charge of the county jail of his county and all persons by law confined therein, and that it is the duty of such sheriff to conform in all respects to the rules and directions promulgated by the district judge as provided in section 8328, supra.

The record shows that the district judge of Adair county promulgated a rule for the governing of the Adair county jail, the same being rule No. 16, as follows:

"No prisoner shall, under any circumstances, be made a trusty, or be permitted to leave the jail for any purpose unaccompanied by a legal and qualified guard except under express order of the district court. Sheriffs shall place copy of this rule in each room and cell of the county jail and send one copy each to the Secretary of State and the Commissioner of Charities and Corrections."

It is apparent that the custom offered to be proved would be in direct violation of the statutes and the rule promulgated under them.

In First Nat. Bank of Byars v. Eldridge et al., 26 Okla. 538, 109 Pac. 62, it is stated:

"It is well settled that usages cannot be held to subvert the settled rules of law."

In the case of O., N. M. & P. Ry. Co. v. Downey, 116 Okla. 253, 244 Pac. 173, it is said:

"A custom or usage repugnant to the express provisions of a statute is void, and, wherever there is a conflict between a custom, or usage and a statutory regulation, the statutory regulation must control."

In this the trial court did not commit error.

It is next contended that the court erred in not requiring plaintiff to prove the guilt of defendant beyond a reasonable doubt. It is urged that the court erred in instructing the jury that the burden was on the plaintiff to prove the allegations of the petition by a clear preponderance of the evidence, and that the court should have instructed that the plaintiff was required to prove the allegations of the petition beyond a reasonable doubt. The plaintiff in error relies upon section 2404, Compiled Oklahoma Statutes, 1921, which is as follows:

"The trial must be by jury and conducted in all respects in the same manner as the trial of an indictment for a misdemeanor."

It is true that in the early case of Maben v. Rosser, 24 Okla. 588, 103 Pac. 674, this court held:

"By the phrase, 'conducted in all respects in the same manner as the trial of an indictment for a misdemeanor,' it was intended to provide that in the introduction of evidence, as to the degree of proof required and in the giving of instructions to the jury, the rules of law applicable in a trial upon an indictment for a misdemeanor should apply."

And in that case it was held that a proceeding to remove an officer under the provisions of article 4, chapter 68, Wilson's Rev. & Ann. St. 1903, is not a criminal, but a special proceeding. That case bears out the contention of plaintiff in error, but it was not necessary to the decision of that case that the allegations of the petition for removal must be proved beyond a reasonable doubt, for the contention there was that if the proceedings be not a misdemeanor in the technical sense, it must be tried in some court that had power to empanel a jury of six men and, therefore, would have to be tried in the county court and not in the district court.

We think that decision, in so far as it deals with the degree of proof or the giving of instructions, obiter dictum.

In the case of Freas v. State, 109 Okla. 205, 235 Pac. 227, an action brought for the removal from office of the sheriff of Osage county, this court approved an instruction which directed the jury that the burden rested upon the plaintiff to establish the guilt of the defendant by a clear preponderance of the evidence.

In view of the latter decision of this court, we are of the opinion that in such proceedings for the removal of an officer from office the degree of proof required need not rise above a clear preponderance of the evidence, and that in the giving of instructions the trial court should, as was done in the instant case, instruct the jury accordingly.

It is next contended that the evidence is insufficient to support the verdict.

In the case of Garrett v. State, 113 Okla. 63, 238 Pac. 846, this court recognized that the permitting of prisoners to run at large during the term of their commitment constituted a ground for the removal of a sheriff from office.

In the case at bar McCasland was found guilty on two counts of permitting prisoners to run at large during the time they were committed to the county jail of his county.

Plaintiff in error contends that it is not shown that McCasland either knowingly or willfully allowed prisoners to run at large.

We think, under section 5898, Compiled Oklahoma Statutes, 1921, and section 1668, supra, that it was the business and the duty of the sheriff to know that prisoners committed to his keeping were during their commitment retained and imprisoned in the county jail. However, we think there is an abundance of evidence to show that the sheriff in this case knew that prisoners confined to his keeping were at large. With such information, we think that the jury was warranted in concluding that the defendant below was guilty of habitual and willful neglect of duty and willful maladministration in office under subdivisions (1) and (6) of section 2394, Compiled Oklahoma Statutes, 1921.

In Ex parte Clemmons, 27 Okla. Cr. 50, 225 Pac. 184, it is said:

"Where defendant is sentenced to prison and to pay a fine and costs, failure of the judgment to recite that he shall be confined for nonpayment does not entitle him to be released on serving the term of imprisonment named, in view of Comp. St. 1921, section 6332, providing that costs, together with the fine assessed, shall be enforced by imprisonment; such statutory provision automatically becoming a part of every criminal judgment imposing a fine or imprisonment or both."

The evidence adduced conclusively shows that the defendant below did not, in accord-

ance with his duty, confine the prisoners Worley and Girdner for the duration of their sentences.

Criminal laws, or other laws, for that matter, cannot be enforced unless those charged with their execution perform their duty.

In Bradford v. Territory, 2 Okla. 228, 37 Pac. 1061, the territorial Supreme Court held:

"The acts done by a county officer to warrant his removal from office need not be such as would subject him to a criminal prosecution, but any acts done knowingly in violation of his statutory duties are sufficient to constitute such maladministration as will forfeit his right to said office."

We think there was sufficient evidence to warrant the jury in concluding, under counts 2 and 3, that the defendant McCasland was guilty as charged.

We doubt the sufficiency of the allegations in count 10, standing alone, to warrant the judgment rendered thereon. Count 10, as heretofore recited, charges that McCasland retained one Led Girdner as deputy sheriff in his office during the time that Girdner was under judgment and sentence. The mere act of retaining Girdner as a deputy sheriff after his conviction, while censurable, is not necessarily a sufficient ground for removal from office. It must be borne in mind that under count 2, the defendant was convicted for having permitted the said Girdner to run at large, and we think rightfully so, but under count 10, the mere fact that the sheriff permitted the deputy to retain his commission during the time he served his judgment and sentence would not in itself be sufficient ground for removal from office, for the mere fact that one is convicted of a misdemeanor does not disqualify him from holding office under our statute.

However, we affirm the judgment of the district court as to counts 2 and 3, and these in themselves are sufficient to warrant the plaintiff in error's removal from office.

BRANSON, C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, and HEFNER, JJ., concur.

RILEY, J., dissents as to syllabus, parag. 3.

———

RILEY, J. (dissenting). I think a special proceeding in removal of officers under our statute is criminal in its nature. It is so because the statute, section 2404, Compiled Oklahoma Statutes, 1921, so provides. While it is true said section is not applicable in all respects, particularly as disclosed by the

opinion of Maben v. Rosser, 24 Okla. 588, 103 Pac. 674. The trial cannot be conducted "in all respects in the same manner as the trial of an indictment for a misdemeanor," and at the same time be tried in the district court as provided by section 2412, and section 2395, Compiled Oklahoma Statutes, 1921, considering that a jury in the county court is composed of six men and in the district court of 12, yet the section first mentioned is workable as to the degree of proof required and as to the instructions of the court relating thereto. True, as to this issue, Maben v. Rosser, supra, is obiter dictum, so is the expression of the court in Freas v. State, 109 Okla. 205, 235 Pac. 227. In no previous case of this court have I been able to find the question squarely before the court.

While it may be argued that to a jury there is little difference between the terms "beyond a reasonable doubt" and "a clear preponderance of the evidence," and it is true these are relative terms, yet the law is for the court to determine, and the trial judge, as he is sometimes referred to, as the thirteenth juror, must approve the verdict as an application of the facts to the law, and to him as a result of his training and practice there is and should be a vast difference between the degrees.

Section 2408, Compiled Oklahoma Statutes, 1921, considers the matter criminal in its nature, for it says in part:

"The accused shall have the right to a change of judge, as to a change of venue, an application to the court, or to the judge if the court be not in session, on making the showing required to change the venue in a criminal case, * * *"

Section 2409, Compiled Oklahoma Statutes, 1921, contemplates the nature criminal. It says:

"The question of fact shall be tried as in other actions. * * * or as provided for in the Code of Criminal Procedure."

There is a considerable conflict in the authorities with respect to whether such a proceeding, in the absence of statutory provision, is of a civil or criminal nature. 22 R. C. L. 573; Territory v. Sanches (N. Mex.) 94 Pac. 954, 20 Ann. Cas. (note) 109.

Massachusetts holds the proceeding civil in its nature. Dow v. Casey (Mass.) 79 N. E. 810 (citing Rev. Laws, c. 173, Mass.). Georgia holds it to be quasi criminal. Gill v. Brunswick (Ga.) 44 S. E. 830. North Dakota holds it may be either civil or criminal in nature, depending on the procedure adopted in the particular case. Wishek v. Becker (N. D.) 84 N. W. 590. California

decides the matter to be criminal, not only in its nature, but wholly so, but bases it upon the statute: "A crime or public offense is an act committed or omitted in violation of the law forbidding or commanding it, and to which is annexed upon conviction either the following punishments: * * * (4) Removal from office." Wheeler v. Dennell (Cal.) 43 Pac. 1; Kilburn v. Law, Judge (Cal.) 43 Pac. 615. Alabama holds the guilt of respondent must be established beyond a reasonable doubt. State v. Talley, 102 Ala. 25, 15 South. 722. Utah holds that under their statute the proceedings are civil, not criminal, and where there is no dispute in facts, the trial court may direct a verdict, but that the rules governing the introduction of evidence in criminal cases must be followed and the guilt of defendant must be established with the same degree of proof required in a criminal prosecution. Skeen v. Paine (Utah) 90 Pac. 440. And in Skeen v. Craig (Utah) 86 Pac. 487, it is said:

"True, section 4575 of the same act as is section 4580 provides that the trial shall be conducted in the same manner as the trial of an indictment or information for a felony. The Legislature doubtless intended by this provision to throw around the accused the same safeguards with which the law clothes a defendant in a criminal action. The same rules governing the introduction of evidence must be followed, and the guilt of the defendant must be established by the same degree of positive proof as is required in criminal prosecutions generally. It does not necessarily follow from this that a proceeding commenced in pursuance of the act in question is to be classed as a criminal action."

I think the court should have instructed on the theory of a criminal case, and so required the jury to find the respondent guilty beyond a reasonable doubt.

It is important that an unfit officer be removed, and I would not question the sufficiency of the evidence in this case, yet it is more important that the procedure for removal be definitely established, so that rights of officeholders be protected.

Note.—See under (1) 4 C. J. p. 737, §2666; 15 C. J. p. 496, §160; 22 C. J. p. 137, §70. (2) 17 C. J. p. 475, §35. (3, 4) 15 C. J. p. 496, §160.