Hoyt et al. v. Carey et al.

*95 P. 2d 891.*

No. 28851.   Sept. 26, 1939.

Rehearing Denied Oct. 24, 1939.

Application for Leave to File Second Petition for Rehearing Denied Nov. 28, 1939.

J. M. Springer and O. A. Manning, for plaintiffs in error.

H. L. Gasaway, for defendants in error.

BAYLESS, C. J.  Raymond T. Hoyt et. al., copartners, contracted with Major county, Okla., by and through its duly constituted board of county commissioners, for the performance of excavating work on a road project for the county. A portion of the excavating was classified as "A" (that is, dirt and other easily moved materials) to be done at a relatively low cost. It is alleged that the county engineer represented to plaintiffs that he had sounded the hill where the excavating was to be done and assured them that the material to be moved all fell within the definition of class "A," and that their bid was based upon this information and representation. However, in the course of the excavating it was discovered that much of the subsurface material consisted of shale or rock (that is, class "C" or "D" material) that could only be moved at a greater cost than anticipated, and thereby plaintiffs incurred greater expense and were entitled to a reclassification of the material and an adjustment in the contract price. This action is to recover from the county this difference in price. Plaintiffs fully completed the contract and filed a final estimate and claim for the unpaid balance according to the terms of the

contract, $3,603, and on this instrument noted "claim of $3,290 filed with this estimate." The record shows that the county commissioners allowed the claim for the balance, but disallowed the claim for the extra compensation. The county defended upon two grounds: (1) General denial, and (2) plea of payment in full and release. A demurrer to the plaintiffs' evidence was sustained, and and this appeal followed.

The plaintiffs argue several propositions, but, in our opinion, two matters argued by county must be sustained, and the effect of sustaining these is to affirm the action of the trial judge in sustaining the demurrer to the evidence.

County argues that acceptance of a partial allowance of a claim constitutes settlement in full, and cites section 7670, O. S. 1931, 19 Okla. St. Ann. § 411, and our decisions thereon.

That section of our statutes governs the presentation and allowance of claims against a county, and the concluding sentence thereof reads:

"When any allowance, either in whole or in part, is made upon any claim presented to the board of county commissioners and is accepted by the person making the claim, such allowance shall be a full settlement of the entire claim."

In Butler v. Board of Co. Com'rs, 57 Okla. 748, 157 P. 912, we held that where a claim is presented consisting of two different sums for publication fees, and a single allowance is made thereon in an amount less than the aggregate thereof, and the warrant on this allowance is accepted, the aggregate of the two sums is thereby settled in full. We expressly rejected Butler's contention that he saved his rights respecting the disallowed portion by notifying the county clerk at the time of acceptance of the warrant that he was not accepting it as full payment, and by having an informal understanding with individual members of the board of county commissioners that such partial allowance and acceptance thereof would not prejudice Butler in an action to recover the disallowed

portion of the claim. Our discussion of those matters in that opinion completely disposes of similar arguments advanced by plaintiffs herein.

The plaintiffs had only one claim in this matter. Their only right to recover anything from the county had to be based upon the contract. The contract contained a proviso for the adjustment of discrepancies or errors such as plaintiffs now base their action on, and the fact that some portion of the work was improperly classified did not create a new and independent claim but only entitled plaintiffs to an adjustment of the contract price under the mentioned proviso; and, when such adjustment was made, the plaintiffs' claim would be for what was justified thereby. If the plaintiffs' claim for extra compensation, or for compensation at a greater rate than contracted for, is justified, then the final estimate is not strictly accurate. According to the itemized statement of the claim the plaintiffs were yet asserting only their rights under the contract as originally let. This was partly cured, of. course, by the notation above referred to and the separate claim that was filed. We do not mean to imply that separate claims for the full compensation cannot or ought not to be made, but we insist that it must be apparent that whether covered by one or several different claim forms, for the balance due, it is nevertheless only one legal claim—the right to have proper compensation under the terms of the contract for the work actually done.

When the county commissioners allowed that part of the claim represented by the items calculated in the final estimate, and disallowed that part of the claim covered by the separate claim, they, in effect, notified plaintiffs of their intention not to allow plaintiffs extra compensation; and, when plaintiffs accepted the warrant in payment of this partial allowance, they thereby settled in full. See Board of County Com'rs v. Bebb, 52 Okla. 18, 152 P. 595, and Board of County Com'rs v. Seawell, 3 Okla. 281, 41 P. 592, and other cases.

Our opinion in the case of Davis v. City of Okmulgee, 174 Okla. 429, 50 P. 2d 315, deals with the effect of accepting payment of the balance due on a contract, and executing a receipt in full therefor, when the contractor also had a claim for damages or extra compensation against the municipality. The final estimate and claim filed by plaintiffs expressly certified:

"We hereby agree that we will accept this estimate as full compensation for all money due us by Major county, and hereby relinquish all claims, either in contract or in tort, which have arisen or which might arise out of the construction of said * * * project. * * *"

Since there was a notation on this estimate of the existence of another claim, the two were thereby so tied together that plaintiffs were bound to accept what was allowed thereunder as full settlement, or to reject the same if less than what they contended for, unless they had an understanding with the county commissioners as an official body as discussed in Butler v. Board of Co. Com'rs, supra, and Mahr v. Board of Com'rs, 26 Okla. 628, 110 P. 751. They accepted the warrant covering the partial allowance, and failed completely to show such an understanding with the county commissioners as an official body in the manner prescribed by law, and, therefore, the contention of the county in this respect must be sustained.

We passed to the second point urged by the county: The plaintiffs did not comply with the requirements of sections 5976-5979, O. S. 1931, 62 Okla. St. Ann. §§ 361-64. In other words, they failed to make the requisite showing concerning the financial condition of Major county.

Plaintiffs argue that no such showing was required in this instance because the contract involved concerned the permanent highway fund and the funds with which plaintiffs were to be paid were derived from a bond issue, and that there was at least $100,000 of such funds on hands and unexpended when this contract was performed.

We cannot accept this last statement concerning the amount of money on hand, for it is wholly outside the record and, as pointed out in county's argument, plaintiffs wholly failed to introduce any proof in this respect. Plaintiffs cannot now supply that omission by their unsupported statements in their briefs.

Plaintiffs' contention that no such showing was necessary in this case has been determined to the contrary by us in the case of Oklahoma City v. Green Const. Co., 184 Okla. 98, 99, 84 P. 2d 623, 624:

"We do not know whether it was from general income and revenue or by a bond issue. If it was from general income and revenue, we do not know whether it is within the amount available for the particular year. If it is to be paid from the proceeds of a bond issue, we do not know the amount thereof nor whether the amount sought herein is within the bond issue authorized by the people."

As pointed out before, we have not discussed the matters urged by the plaintiffs in their brief. The demurrer to the evidence presented by county expressly urged that all of the evidence of the plaintiffs was not sufficient to entitle them to relief under the laws of Oklahoma. Since the two legal issues discussed are completely sustained by the law of this state, and would defeat the plaintiffs even though they might be right on some one or two of the points urged by them, no purpose would be served in considering the correctness of those points.

The judgment is affirmed.

RILEY, OSBORN, GIBSON, and DAVISON, JJ., concur.