**DOUGLASS**

v.

**BOARD OF COUNTY COM'RS OF OKFUSKEE COUNTY et al.**

No. 35110.

Supreme Court of Oklahoma.

June 8, 1954.

Arthur Cochran, Okemah, Amos T. Hall, Tulsa, for plaintiff in error.

Hugh Coleman Nolen, County Atty., Okemah, Clyde F. Ross, Okemah, for defendants in error.

O'NEAL, Justice.

The parties here appear in the same position as in the trial court and will be referred to as plaintiff and the Board.

The pivotal question for our decision is whether the defendant, the Board of County Commissioners of Okfuskee County, Oklahoma, had the power and authority to reduce the monthly salary of plaintiff as fixed under a contract of employment with the County Superintendent of Public Instruction of said County.

Subsidiary questions are: (a) In the fixing of salaries for teachers in dependent separate schools, is the County Superintendent limited to the minimum schedule under Title 70 O.S.1947 Supp. § 652.5; and (b) does the proof establish that at the time the contract was entered into and at all times during plaintiff's employment that sufficient funds were appropriated and available to pay plaintiff's monthly salary as it became due and payable.

The facts are not in substantial dispute. On July 7, 1947, the County Superintendent of Public Instruction of Okfuskee County, Oklahoma, entered into a contract in writing with plaintiff for her services as a teacher in the dependent separate schools of Okfuskee County, Oklahoma, for the school year 1947–1948, at a stipulated monthly salary of $265.

The plaintiff performed the duties required of her by the County Superintendent for the school term covering a period of ten months. At the conclusion of the first month's service plaintiff filed a salary claim in the sum of $265, which claim the Board of County Commissioners approved for the sum of $250. In each succeeding month of the school term plaintiff filed salary claims in the sum of $265, and in each instance the Board allowed the claims in the sum of $220. It was established that the Board approved warrants on plaintiff's salary claims in the total amount of $1,955, which warrants were subsequently paid. There is proof tending to establish that plaintiff protested the action of the Board in approving her monthly salary claims for less than provided for in the contract.

Upon the trial the court made a general finding in favor of the plaintiff and a further finding that plaintiff was entitled to recovery salary for ten months at $220 a month, and rendered judgment accordingly for plaintiff in the sum of $245.

We think the court correctly held that plaintiff's recovery was limited to a ten month's period school term. A full term of school under the "Minimum Program" as defined by the Act, Title 70 O.S.1947 Supp. 652.4, Subsection 14, is defined as "Ten (10) school months in which there has actually been taught not less than one hundred eighty (180) days."

Plaintiff below, and here, contends that the Board of County Commissioners did not have the power or authority under the law to decrease the salary approved for in the contract. We agree. Title 19 O.S. 1951 § 326 provides for the holding of meetings by the Board of County Commissioners for the purpose of passing upon, allowing or rejecting bills against the county, but with reference to salary claims, including teachers and other persons contracted with and employed by the County Superintendent of Public Instruction for services in the dependent separate school districts, such claims, if approved by the officer having charge of the office or department, must be approved and paid by the Board. Our attention is not called to any statutory authority vested in the Board of County Commissioners, to either increase or decrease salaries provided for in contracts of employment entered into by the County Superintendent of Public Instruction with teachers to serve the dependent schools.

The Board seeks to justify its action in the reduction of plaintiff's salary upon certain provisions under Title 70 O.S.1947 Supp. § 652.5. The statute thus relied upon establishes schedules to be applied by the dependent separate school district as the basis for calculating teachers' salaries in the "Minimum Program" as defined in this Act. The Act further provides a method of enforcement of the "Minimum Salaries" in that if any school district pays its teachers less than said minimum salary, the school district shall have the difference deducted from the amount of State Aid which would otherwise be paid to the school district.

Does the judgment sustain the court's general finding that the County Superin-

tendent of Public Instruction included in her estimate, as submitted to the Board of County Commissioners, an amount to cover the contractual pay due the plaintiff, and was the estimate for the county dependent separate schools submitted to the Excise Board, 68 O.S.Supp.1947, § 289, and an appropriation duly made to cover said estimate?

The record discloses that salary items, including plaintiff's salary, under the contract were included in the estimate of needs prepared by the County Superintendent of Public Instruction and were submitted to the Board of County Commissioners, and said items were by the Board included within the estimate for the county dependent schools and were submitted to the Excise Board of said county, and that an appropriation was made pursuant to the estimate.

Finally, the Board contends that the plaintiff cannot recover any sum in excess of the sum of $1,955 paid by the issuance of its warrants to cover plaintiff's salary under the contract. This contention is based upon Title 19 O.S.1951 § 410.2, which reads:

"Whenever any allowance, either in whole or in part, is made upon any claim presented to the Board of County Commissioners and is accepted by the person making the claim, such allowance shall be a full settlement of the entire claim and provided that the cashing of the warrant shall be considered as acceptance by the claimant."

In support of the Board's position it cites the case of Hoyt v. Carey, 186 Okl. 114, 95 P.2d 891. In that case plaintiff sought a recovery in excess of the sum authorized under his contract with the county. His contention was that in performing certain excavation work he ran into a shale or rock formation for which excavation he made a claim for additional compensation. His claim for such additional compensation was disapproved and disallowed by the Board and it issued its warrant for the contract price which warrant was accepted by the plaintiff. We sustained the Board's contention upon the proof that the plaintiff accepted the warrant in full

satisfaction of his claim. The rule thus announced is inapplicable in the instant case for here we have an enforceable contract that could not be modified or altered by the action of the Board.

The trial court is directed to enter judgment in favor of the plaintiff and against the Board in the sum of $695. The judgment as so modified is affirmed.