Viola SMITH, Plaintiff in Error,

v.

John Burney COX, Defendant in Error.

No. 37006.

Supreme Court of Oklahoma.

Sept. 18, 1956.

Carmon C. Harris, Rollie D. Thedford, Mike Tapp, Oklahoma City, for plaintiff in error.

Pierce, Mock & Duncan, Oklahoma City, for defendant in error.

DAVISON, Justice.

This is an action brought by Viola Smith, as plaintiff, against John Burney Cox, as defendant, to recover damages for personal injuries suffered by her when struck by defendants' automobile while walking across a street in Oklahoma City, Oklahoma. The parties will be referred to as they appeared in the trial court.

Exchange Avenue runs east and west in the south part of Oklahoma City. It is intersected by Youngs Avenue, a north and south street in said city. West of Youngs Avenue and south of Exchange there is a filling station but at the time here involved it had been converted into a cafe. On the night of April 16, 1954, at about 8:30 o'clock, plaintiff and her husband and sis-

ter were leaving the cafe. They walked to the north edge of Exchange Avenue, some distance west of the intersection, and started to cross the street. They waited for one car to pass and then plaintiff stepped out into the street several steps and was there struck by defendant's car which was traveling west on Exchange. The testimony was in sharp conflict as to whether or not plaintiff stepped out into the street from between parked automobiles and as to how far west of the intersection she was at the time. She was knocked unconscious by the collision and received numerous bodily injuries, the most serious of which was a comminuted fracture of both bones in her left leg below the knee. She was in the hospital for approximately a week and convalesced at home several weeks after that.

A trial of the case to a jury resulted in verdict and judgment for defendant and plaintiff has perfected this appeal. Two propositions are presented as grounds for reversal. The first is as to the trial court's instructions to the jury. Therein the court quoted the ordinances of said city fixing the maximum rates of speed for vehicles and also providing that,

"Every pedestrian crossing a street or roadway at any point other than within a marked or unmarked cross walk at an intersection shall yield the right of way to all vehicles upon the street or roadway."

Following the quoted ordinance the jury was instructed that,

"It is the duty of a person, or persons operating motor vehicles or crossing as a pedestrian on the highways, streets and roads of this state to observe the state laws and ordinances with reference thereto, as set out herein, and a violation of state law or ordinance, in the operation of a motor vehicle is negligence per se, that is, negligence in and of itself. However, before a person guilty of negligence per se may be held liable in damages therefor, it must appear from a pre-

ponderance of the evidence, that such negligence per se was the proximate cause of the injuries and damage, if any, sustained."

Plaintiff complains of these instructions and particularly of the one last above quoted upon the theory that "An instruction as a rule so vital as the right of way rule should not be stated in language so abstract as to leave the jury free to believe that a pedestrian struck outside of a pedestrian crossing must have been guilty of failing to yield the right of way and consequently guilty of contributory negligence." Supporting her theory, plaintiff cites and quotes from several cases from other jurisdictions. However, an analysis of the instruction reveals that the jury was in no way told that a violation of any of the ordinances, by plaintiff, constituted negligence or contributory negligence per se. What the jury was told was that a violation (by defendant) "in the operation of a motor vehicle is negligence per se." In addition, the rule in this jurisdiction must, of necessity, be different from that in a number of states because of Art. XXIII, § 6 Const., wherein it is provided that the defense of contributory negligence shall "be a question of fact, and shall, at all times, be left to the jury."

A very similar instruction was considered by this court in the case of Burton v. Harn, 195 Okl. 232, 156 P.2d 618, 619, wherein objection was made on the ground that it was confusing. It was therein said that,

"It is the contention that this instruction tells the jury plaintiff was guilty of negligence per se and must necessarily have confused the jury, since, if plaintiff was chargeable with negligence it was contributory negligence. But, the court did not tell the jury that a violation of these ordinances and statutes would constitute contributory negligence, which would have invaded the province of the jury. Section 6, Article 23, Oklahoma Constitution. It was proper for the court to tell the jury that a violation of the same constituted negligence per se, and to leave to the jury the question as to whether the ordinances and statutes were violated and whether such violation, if any, was the proximate cause of the accident or whether it constituted contributory negligence."

The same reasoning and conclusion is applicable to the case at bar.

Plaintiff also assigns as error the trial court's ruling of inadmissability of plaintiff's offered evidence of the location of the place of crossing customarily used by the public, there being no marked or designated cross walk. Such evidence was offered by plaintiff as justification for her alleged noncompliance with that portion of the city ordinances contained in the court's instructions to the jury as hereinabove quoted. Plaintiff offered the testimony of a witness to the effect that it was customary for pedestrians to cross Exchange Avenue at the point where plaintiff was crossing at the time of the accident. Defendant's objection thereto was sustained. The proferred testimony was of a custom in direct conflict with the ordinance above quoted. Although other grounds may exist for sustaining the action of the trial court in refusing the evidence, it is settled law in this jurisdiction, as in a majority of other states, that, a custom or usage repugnant to the express provisions of a statute is void, and whenever there is a conflict between a custom or usage, and a statutory regulation the statutory regulation must control; 17 C.J. 475; 25 C.J.S., Customs and Usages, § 10; Oklahoma, N. M. & P. R. Co. v. Downey, 116 Okl. 253, 244 P. 173; McCasland v. Board of Com'rs of Adair County, 126 Okl. 103, 258 P. 750.

The verdict of the jury was amply supported by the evidence and we find no error which would warrant its vacation.

Judgment affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, HALLEY, BLACKBIRD and JACKSON, JJ., concur.