## THE BOARD OF COUNTY COMMISSIONERS OF CLEVELAND COUNTY v. W. H. SEAWELL.

1. CONTRACT WITH COUNTY COMMISSIONERS. Under the law, a board of county commissioners can only contract to bind the county while they are sitting as a board; and an agreement with one of the members, in the absence of the others, does not bind the county.

2. COUNTY WARRANTS—*Discount*. Where a party enters into a contract with a board of county commissioners to lease to a county a building to be used for the purpose of holding court, and for county offices, and under such contract is to receive the sum of $150 per quarter, and the county issues its warrants for the sums agreed upon, and the party receiving the warrants is obliged to sell the warrants at a discount in order to convert the same into cash, *held*, that the county is not liable for the loss sustained by reason of the sale of the warrants at a discount.

3. ESTOPPEL. Where a claim against a county is presented to its board of county commissioners, and is by such board allowed in part and a warrant drawn for the sum allowed, and the warrant thus issued is accepted, the party accepting such warrant is thereby estopped from a recovery for that part of the claim which was disallowed by the board.

4. VOLUNTARILY PERFORMING LABOR FOR COUNTY. Where an owner of a building, leased to the county, voluntarily performs the work of a janitor in such building, and it does not appear that the board of county commissioners either employed or directed him to perform such labor, he cannot recover from the county for the value of his services.

*Error from the District Court of Cleveland County.*

W. H. Seawell filed a claim before the board of county commissioners of Cleveland county for rent of

a building, discount on warrants, and services as jani-
tor, which was disallowed. He appealed to the dis-
trict court and obtained a judgment against the county
for the sum of $354.58 and costs. The county brings
the case to this court. The opinion states the facts.

*A. Hutchins* and *Gardner & Risley*, for plaintiff in
error.

*Fisher & Hennessy* and *Harris & Botsford*, for defend-
ant in error.

The opinion of the court was delivered by

DALE, C. J.: On July 17, 1893, the board of county
commissioners of Cleveland county disallowed a bill
presented by the defendant in error, W. H. Seawell,
for the sum of $369,59. Seawell appealed the case to ·
the district court of Cleveland county, and the case
was tried in that court and judgment rendered in
favor of Seawell in the sum of $354.58. The account
presented to the board of county commissioners, and
which is the basis of this actions consists of seventeen
items. The first item is for rent, the second, third,
fourth, fifth, thirteenth and fourteenth are for loss
sustained by reason of the sale of certain warrants re-
ceived from Cleveland county by Seawell. The sixth
and seventh are for a disallowance of a portion of the
bills presented by Seawell, and also for loss sustained
by reason of the discount upon the warrants so re-
ceived. The remaining items are for janitor's work,
for brooms, and for the filling of a vault upon the
premises on which the building in which court was
held was situated.

It appears from the record that in the summer of
1890, Seawell entered into a contract in writing with
the board of county commissioners of Cleveland
county, wherein it was agreed that Seawell was to
furnish the county with rooms for holding court and

for county offices for a period of two years, beginning on January 1, 1891, and ending December 31, 1892, at an annual rental of $600, payable quarterly.  In the agreement appears the following clause :

"It is hereby agreed by said W. H. Seawell that the building shall be ready for occupancy by said date, January 1, 1891, and it is further agreed that, in case the building is not in condition to be occupied by the county officers and court by that date, the said W. H. Seawell of the first part, shall pay a forfeiture of $150, which sum shall be paid to the county for said building for the first quarter."

The building was not completed at the time agreed upon in the contract, and not until February 9, 1891, was it ready for occupancy by the county officials, on which last named date it appears that the occupancy was begun on behalf of Cleveland county.

At the meeting of the county commissioners in July, 1891, a warrant in the sum of $150 was issued to Seawell in payment of the rent for the building, and thereafter, at the beginning of each quarter, a similar warrant was drawn, in an equal amount, for the rent of said building, all of which were accepted by Seawell.  In his bill rejected by the commissioners, and the one here for consideration, the first item of $83.33 is for rent of the building from February 9 to April 1, 1891.   The claims set out in items No. 2, 3, 4, 5, 13 and 14 are, in the aggregate, for the sum of $125, which is the amount of loss Seawell alleges he sustained by reason of the fact that the warrants received as rent were worth that sum less than their face value at the time he received the same, and he asks to be reimbursed in such sum.   Items 6, 7 and 15 were for a balance due upon rent for rooms furnished to a jury, and the discount upon the warrants received for such rooms.   It appears that Seawell furnished the county, for use of juries while court was being held, rooms in a part of his building not covered by his lease with

the county; that he presented his claim to the board for the rent of such rooms, which was allowed him in one-half of the amount claimed, and warrants were ordered to be issued for the amount so allowed, which warrants were by Seawell accepted and sold at a discount, and the items last numbered are for the unpaid balance of the claim, and the discount on the warrants.

Items 8, 9, 10, 11, 12, 16 and 17 are claims presented for janitor services in and about the building and for brooms used in performing such services. The evidence shows that no contract or arrangement was entered into between Seawell and the county commissioners in which Seawell was to do janitor work on behalf of the county, but it appears that Seawell thought that the reputation of the building was involved, and, rather than to see the work go undone, he took it upon himself to voluntarily perform the work and to furnish the brooms for such purpose.

There are four questions presented to us for consideration in this case:

1. Is Cleveland county liable to Seawell for the rent on the building used for county rooms and county offices from February 9 to April 1, 1891?

2. Is such county liable for the difference between the cash and par value of its warrants?

3. Is a liability created in favor of Seawell for rent of jury rooms?

4. Did the voluntary work performed by Seawell as janitor bind the county?

I. When the contract of lease was entered into between Seawell and the county it was stipulated that the building should be ready for the county on the 1st day of January, 1891, and in case it was not Seawell was to forfeit the first quarter's rent. Seawell seeks

to avoid the effect of this agreement by showing that James N. Bishop, then a member of the board, told him that if it was ready by February 9, the time court was to convene, it would be satisfactory. When the lease was entered into, it appears that the board of commissioners was in session and all matters pertaining thereto were placed of record. It is not shown that the board in any manner modified or changed the contract. It is claimed that one of the individual members at a time subsequent to the date upon which the contract was entered into had a conversation with Seawell, in which such member consented to begin occupation of the building on February 9. Article 6, ch. 24, Laws of 1890, which provides for a board of county commissioners, also makes provision for the time and place of the meeting of such board, how they shall transact business, and the record they shall keep of all transactions had on behalf of the county. Under such law the only way by which the county could be bound upon a contract was by action taken by the board while it was in session. And the evidence of what was done were the records kept by the board. Under this law a board of county commissioners could only act to bind the county while they were sitting as a board, and an agreement of one of the members, in the absence of the others, could not bind such county. Therefore, the alleged arrangement between Bishop, one of the county commissioners, and Seawell, whereby Seawell was to have longer time in which to prepare the building for occupancy, did not change the contract, and must be treated as a nullity. The contract of lease expressly agreed upon a penalty for the violation of its terms. Such penalty was the forfeiture of the rent for the first quarter. It was not an unreasonable stipulation and should be upheld.

II.   The contract expressed the sum of $600 as here written, as the annual rental for the building.

Each quarter a warrant for $150 was drawn in favor of Seawell and by him accepted. He shows in his evidence that, in order to cash the same, he was compelled to discount the warrants, and he thereby failed to receive the full amount of money agreed upon as the rental for his building. The law has but one method whereby a county may pay its debts. The account must be presented to the board of county commissioners in separate items, the nature of each item stated, and the board then allows or rejects the account as it thinks proper. If allowed, a warrant is drawn upon the county treasurer. The warrant is numbered, dated, and the amount for which the warrant is drawn and name of payee are stated upon the face of the warrant. The warrant so issued entitles the holder to the money for which the same is drawn, if the money is in the hands of the county treasurer. If not paid upon presentation, the warrant commences to draw interest at the rate of six per cent. per annum. after presentation. Here we find a complete method adopted for discharging the obligations of a county. Under the law no claim can be paid except by warrant, and the evident purpose of numbering them is that they may be paid in the order in which they had issued as obligations against the county. The provision for payment of interest is made for the purpose of indemnifying against loss, those who are compelled to hold warrants on account of a lack of funds to meet them. The law clearly intends to make the warrant a check upon the treasury of the county, and six per cent. interest upon warrants not paid upon demand, sufficient to indemnify against loss. And when Seawell contracted with the county he entered into such contract with reference to the law then in existence, which pointed out how he would receive his pay. We hold, therefore, that the county is not liable to Seawell by reason of

the difference between the face and cash value of the warrants.

III. Seawell claims a liability from the county because the commissioners only allowed him one-half of what he states was due him for rooms furnished for the use of the juries. It appears that the board of county commissioners allowed in part his claims presented for the use of such rooms. Warrants were drawn in his favor for the sums so allowed, which he accepted. As we find the law, such acceptance is a waiver of any further claim against the county. It is in the nature of an executed agreement to receive less than the amount claimed, and an acceptance of such sum will estop the party receiving the same from asserting his claim to the balance. This principle is concisely stated in *Wapello County v. Sinnaman*, 1 G. Green, 413, (Ia.) as follows:

"If the plaintiff presented his claim for allowance, and it was in part allowed by the board, and he accepted the amount thus allowed, he should not be permitted to afterwards sue for the balance. The acceptance of the part allowed should be considered satisfaction for the whole."

To the same effect are the following decisions: *Fulton v. Monona County*, 47 Ia. 621; *Brick v. Plymouth County*, 63 Ia. 463, 19 N. W. 304; *Bradley v. Delaware County*, 57 Ia. 552, 10 N. W. 898; *United States v. Adams*, 7 Wall. 463; *United States v. Child & Company*, 12 Wall. 232.

IV. The last question to consider is the claim made for janitor's service in and about the building. It is not contended that the commissioners entered into any agreement with Seawell under which the labor was performed. Seawell thought it ought to be done as he states for the credit and reputation of his building. Perhaps the county commissioners should have furnished a janitor or should have compelled the county

officers to keep their rooms and the stairway leading to them in a cleanly condition; but when Seawell volunteered to perform the work of janitor, in the absence of employment or direction by the board of county commissioners, he cannot recover from the county for his services. The judgment of the court below is reversed, and the case is remanded, with directions to render judgment for the plaintiff in error.

Scott, J., having presided at the trial of the cause in the court below, not sitting; all the other Justices concurring.