## *In re* TOWN OF AFTON.

### No. 6710.   Opinion Filed November 10, 1914.

#### (144 Pac. 184.)

1. **MUNICIPAL CORPORATIONS—Funding of Indebtedness—Validity of Statute.** Section 1, c. 117, Sess. Laws 1910, is in conflict with section 26, art. 10, of the Constitution, and is void.

2. **SAME—Creation of Indebtedness—Validity.** The officials of the town of Afton issued warrants to take up an indebtedness in an amount approximating $8,000, created in excess of the revenue and income provided for the payment of current expenses of said town .for the years in which said warrants were issued. **Held,** that said indebtedness was created in violation of section 26, art. 10, of the Constitution, and the same is a nullity and constitutes no liability against such municipality.

3. **SAME—Debts Illegally Created—Power to Validate.** Said warrants, having been issued in violation of section 26, art. 10, Const., are a nullity, and the court is powerless to validate same.

4. **SAME—Illegal Warrants—Power to Validate—Ratification.** The warrants issued as evidence of said indebtedness, being utterly void for want of power to create said indebtedness, were not subject to ratification, and could not be made valid by a vote of three-fifths of the legal voters of said municipality, nor by a decree of the court, since the power to authorize originally is a condition precedent to the power to ratify subsequently.

5. **SAME—Limitation on Powers—Notice.** One who deals with a municipality does so with notice of the limitations on it or its agents' powers. All are presumed to know the law, and those who contract with a municipality or furnish it supplies do so with such knowledge; and, if they go beyond the limitations imposed, they do so at their peril.

6. **SAME—Creation of Excessive Indebtedness—Validity.** It is plain that the intention of section 26, art. 10, of the Constitution, is to require municipalities to carry on their corporate operations upon a cash basis. The revenues and income provided for each year must pay the expenditures of such year; and any debt or contract sought to be created in excess of such revenues and income provided creates no liability against such municipality, unless it be authorized by a vote of three-fifths of the legal voters before or at the time of creating same, and comes within the limitations therein expressed.

(Syllabus by the Court.)

*Error from District Court, Ottawa County;*
*Preston S. Davis, Judge.*

Application of the Town of Afton, Ottawa County, to determine existence, character, and amount of its outstanding indebtedness, and to issue bonds to fund the same. From an adverse judgment, the Town brings error. Affirmed.

*Chas. A. Loomis,* for plaintiff in error.

RIDDLE, J. This proceeding in error is prosecuted from a judgment of the district court of Ottawa county, refusing to approve certain alleged indebtedness and warrants issued as evidence thereof, created by the town of Afton, and in refusing to validate said outstanding warrants by decree of said court. On the 19th day of January, 1914, the town of Afton, through its officers, filed its amended petition in the district court, wherein it is alleged in substance that on said date said town had an outstanding indebtedness aggregating $7,950.60, evidenced by certain warrants issued in excess of the annual revenue and income of said town in payment of services and material furnished said town; that said town received the benefit of same; that the amount paid for such services and material was fair and reasonable; that said indebtedness was ratified and approved by said town at an election held for that purpose on the 15th day of April, 1913, under and by virtue of section 26, art. 10, of the Constitution, and an act of the Legislature, approved March 28, 1910, entitled "An act providing for the validation of certain outstanding warrants in incorporated towns and cities, etc."; that said town has no funds with which to pay said outstanding warrants; that by an ordinance, passed by the president and board of trustees of said town on the 21st day of April, 1913, the negotiable coupons of said town, in an amount aggregating $8,000, were authorized and directed to be issued upon the approval by the court and a judgment validating said indebtedness. Ordinance No. 19, referred to in said petition, authorized the calling of a special election, and states that the purpose of same is to issue bonds in the sum of $8,000, to pay the indebtedness of said town, which was evidenced by warrants issued in excess of the annual revenue and income provided. An itemized statement of said warrants appears in the record, running

from March, 1910, which shows that they were issued to pay the current expenses of said town for the years 1910 and 1911. A copy of the official ballot, as disclosed by the record, shows that the purpose of said bond issue was to pay an indebtedness evidenced by warrants issued in excess of the annual revenue and income provided by the proper authorities for paying the running expenses of said town. Ordinance No. 120 of said town, providing for the issuance of said negotiable coupon bonds, also shows that the purpose is to pay an indebtedness of said town, evidenced by said warrants issued in excess of the income and revenues provided.

Upon a hearing of said matter by the court, the relief prayed was denied, upon the ground and for the reason that said indebtedness was created in excess of the revenue and income of said town, and the warrants issued as evidence thereof were issued in payment of services and material furnished said town for the fiscal year in which said material and services were so furnished; that said indebtedness was incurred without the assent of three-fifths of the voters of said town first having been obtained; that said indebtedness was therefore void and of no force and effect, as the debt was created in violation of sections 26 and 27 of article 10 of the Constitution, and the court had no jurisdiction to grant the relief sought. The court further held that chapter 117, Sess. Laws 1910, was in conflict with section 26, art. 10, of the Constitution, and was void.

The petitioner has filed its petition in error in this court, with original case-made attached. The only errors assigned which need to be considered are: (1) That the decision of the court is contrary to law. (2) That the decision of the court is contrary to the law and the evidence. This record presents two propositions for our consideration: (1) Is the act of the Legislature contained in chapter 117, Sess. Laws 1910, in conflict with section 26, art. 10, of the Constitution? (2) Is the indebtedness and the warrants issued as evidence thereof sought to be refunded by this proceeding, void, for the reason that the same was an attempt to create a debt contrary to section 26, art. 10, Const., and contrary to section 9, c. 80, Sess. Laws 1910-11?

Section 26, art. 10, Const., provides:

"No county, city, town, township, school district, or other political corporation, or subdivision of the state, shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof, voting at an election, to be held for that purpose, nor in cases requiring such assent, shall any indebtedness be allowed to be incurred to an amount including existing indebtedness, in the aggregate exceeding five per centum of the valuation of the taxable property therein to be ascertained from the last assessment for state and county purposes previous to the incurring of such indebtedness: Provided, that any county, city, town, township, school district, or other political corporation, or subdivision of the state, incurring any indebtedness, requiring the assent of the voters as aforesaid, shall, before or at the time of doing so, provide for the collection of an annual tax sufficient to pay the interest on such indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof within twenty-five years from the time of contracting the same."

It cannot be questioned that the alleged indebtedness evidenced by the warrants sought to be refunded by this proceeding was in excess of the income and revenue provided for such town for the year in which said indebtedness was attempted to be created, and that no election was held before or at the time of the incurring of same for the purpose of securing the assent of three-fifths of the voters of such town to the creation of said indebtedness.

Section 1, c. 117, p. 244, Sess. Laws 1910, provides:

"If any incorporated town or cities shall now or may hereafter have outstanding warrants issued in payment of current expenses for any year and shall desire to refund such indebtedness in the manner now provided by law and it shall appear that any such warrants were issued in excess of the annual revenues and income of such city or incorporated town, then the court which shall be petitioned for authority to refund such indebtedness, shall inquire whether or not such city or incorporated town received actual benefit by way of services or material furnished said city or incorporated town in payment of which said warrant was issued, and that the amount so paid was the fair and reasonable value for such services

or material, and if it shall be so determined by said court, then.the court shall so state in its decree, and said decree shall validate said warrants and permit such city or incorporated town to refund the indebtedness represented by said warrants, provided that no such warrants shall be refunded until the close of the fiscal year during which they were issued."

If it was the purpose of this act to authorize the court to give its approval to any municipal corporation to issue bonds in payment of an indebtedness which did not exceed the revenue and income which had been provided by the proper officials for such year, although such indebtedness may have exceeded the actual revenue and income collected by said municipality, then it would doubtless be valid. On the other hand, if, construing the act as a whole, it is made clear that it was the intent of the Legislature to authorize the court to make valid a pretended obligation of the municipality, which was attempted to be created in violation of section 26, art. 10, of the Constitution, and which was, as a matter of law, invalid, then such act is in conflict with both the letter and spirit of said provision of the Constitution, *supra,* and must fall. Considering every part of said section, it is apparent that the purpose in passing the same was an attempt on the part of the Legislature to authorize the court to validate indebtedness attempted to be created, which is invalid under the Constitution. This the Legislature has no power to do. It could not authorize the court to give life and validity to something which never had any legal existence. If the debt was not created in violation of the provision of the Constitution, quoted *supra,* then this act of the Legislature is superfluous, in that said debt or contract would need no decree of the court to validate it. It would be valid, if created in compliance with the Constitution and law, without a decree of the court to validate same, and would only require the approval of the court to the issuance of refunding bonds in the manner provided for by law. It cannot be said that this act is necessary in order to authorize the funding of said indebtedness or outstanding warrants, if it was in fact a valid indebtedness, for the reason that section 362, Rev. Laws 1910 (section 372, Comp. Laws 1909), contains complete provisions for refunding outstanding warrants and indebt-

edness, if the same is a legal obligation, and full power is given to the court to determine such issues; and it must be conceded that, if the indebtedness is illegal and void by reason of having been contracted in violation of the plain provision of the Constitution, the court would be unauthorized to sanction the bond issue. The legality of the indebtedness is one of the issues the court must determine in a proceeding to refund outstanding warrants. It is argued, however, that this is a debt of honor; that it is conceded that the town and its citizens received the benefit of and full value for this indebtedness; and, inasmuch as the people have ratified the same, that the court should refuse to hold that it is void as being in conflict with the Constitution.

If we were authorized to inaugurate policies and to amend the organic law to meet such contingencies, this argument might appeal to us with some force. The framers of the Constitution, and the people in approving same, have deemed it wise to place a limitation upon all the people and upon every political subdivision of the state; and if the legislature, or any political subdivision of the state, may, by its acts, exceed the limitations placed upon it by the Constitution, create a debt in conflict therewith, and thereafter ratify such debt and thereby make it valid, it would simply mean the destruction of this provision of the Constitution. If the town of Afton can contract a debt and bind its people to the amount of $8,000 in excess of the limitations imposed by the Constitution, then it necessarily follows it may create a debt of $80,000 or $800,000. If one town may, in violation of the Constitution, contract an obligation for which the people may be held liable, then every other town in the state may do likewise. If this court authorizes or permits this provision of the Constitution to be nullified in this manner, as a logical sequence every other provision of the Constitution may likewise be disregarded and violated.

28 Cyc. p. 1540, states the rule as follows:

" 'Pay as you go' expresses a municipal rule prevailing in some states that annual expenditures must be restricted to annual revenue, of which every person contracting with a municipal corporation must take notice at his peril."

Again, on page 1560, *Id.*:

"A contract made by a municipality in excess of its debt limit, as fixed by the Constitution or by statute, is void, at least as to the excess; and every one dealing with a municipality is charged with notice of a limitation upon the amount of its indebtedness. Municipal indebtedness in excess of a constitutional limitation cannot be made good by ratification, since power to authorize originally is a condition precedent to the power to ratify subsequently. * * * A municipal contract, expenditure, or appropriation, invalid when made, may be cured by subsequent legislation, unless the invalidity result from a violation of a constitutional inhibition."

It will be seen from this that a debt attempted to be created in excess of a limitation in the Constitution cannot be ratified by a vote of the people. *O'Neil Engineering Co. v. Inc. Town of Ryan,* 32 Okla. 738, 124 Pac. 19. We therefore hold that chapter 117, Sess. Laws 1910, is in conflict with section 26, art. 10, of the Constitution, hence is unconstitutional and void.

The record shows affirmatively that the warrants sought to be refunded by this proceeding were issued in excess of the income and revenue provided for the town of Afton for the year in which said debt was attempted to be created, and is clearly void, under the provision of the Constitution, quoted *supra,* and did not create a liability against the town. If the statute, which we hold to be in conflict with the Constitution and void, had been held to be valid, yet the court could not have validated the indebtedness or the warrants issued in payment of same, for the reason the same is clearly in violation of section 26, art. 10, Const., *supra.* It is clear that it is the policy of our government and the spirit of the Constitution that debts shall not be contracted or in any way recognized as legal, when created in excess of the limitations of the Constitution. The Legislature, · in enacting chapter 80, Sess. Laws 1910-11, clearly recognizes this spirit; and certainly, in the face of section 9 of said statute, the court could not validate or authorize the issuance of bonds in payment of the warrants in question. Said section provides:

"It shall be unlawful for the board of county commissioners, the city council or the commissioners of any city, the trustees of any town, board of education, township board, school

district board or any member or members of the aforesaid commissioners, or of any of the above named boards, to make any contract for, incur, acknowledge, approve, allow or authorize any indebtedness against their respective municipality or authorize it to be done by others, in excess of the estimate made and approved by the excise board for such purpose for such current fiscal year, or in excess of the specific amount authorized for such purpose by a bond issue. Any such indebtedness, contracts incurred, acknowledged, approved, allowed or authorized in excess of the estimate made and approved for such purpose for such current fiscal year or in excess of the specific amount authorized for such purpose by a bond issue, shall not be a charge against the municipality whose officer or officers contracted, incurred, acknowledged, approved, allowed or authorized or attested the evidence of said indebtedness, but may be collected by civil action from any official contracting, incurring, acknowledging, approving or authorizing or attesting such indebtedness, or from his bondsmen."

Section 10 of said act provides that any such officer violating section 9 shall be guilty of a misdemeanor and fined no less than $100 nor more than $1,000, and shall forfeit and be removed from his office.

It is suggested that to hold this debt to be void will impair the credit of the state and cause a great hardship to fall upon the parties who are holding these warrants for value, and who relied upon the integrity of the people to pay this debt of honor; and inasmuch as the legal voters of said town have shown, by their vote, that they recognized a moral, as well as a legal, obligation to pay said debt, the court should not require them to repudiate same. To this suggestion we reply that when the question of enforcing a plain provision of the organic law is presented on one side, and policies and hardships on the other, our duty is clear, and we have no choice. The plain provision of the Constitution must be obeyed and followed, not only by the courts, but by every one; and it is the solemn duty of this court, when its jurisdiction is properly invoked, to maintain and not destroy or impair the wise provisions of this sacred document. It is better that the courts preserve the organic law and protect the rights of all the people at the expense and hardship of a few, rather

than to relieve the few of this expense and hardship, and in so doing destroy the Constitution and jeopardize the rights of all the people. No one could have been misled in connection with this transaction, for, as we have seen, this debt was created and the warrants issued in open violation of the Constitution, and all must be presumed to have known the law.

It follows that the judgment of the trial court must be affirmed; and it is ordered.

All the Justices concur.