[No. 13066.   Department Two.   October 18, 1915.]

THE STATE OF WASHINGTON, *Respondent*, v. PAUL SCHUMAN, *Appellant*.[1]

APPEAL—RECORD—STRIKING — REQUESTED INSTRUCTIONS.   Instructions purporting to be the instructions given will not be stricken from the record on a showing by respondent that they were the instructions requested to be given, but were not in fact given by the court, as shown by indorsement on the back, where the clerk has certified that they were filed and were part of the record in the case.

APPEAL—RECORD—ERRORS—CORRECTION—LOST INSTRUCTIONS—SUPPLEMENTAL RECORD.   If instructions, certified by the clerk as part of the record and purporting to be "instructions of the court," were not in fact the instructions given by the court, which were lost, respondent's remedy is not by a motion to strike, but by showing the facts by supplemental record, and bringing up a copy of the lost record, which may be substituted below pursuant to Rem. & Bal. Code, § 1270.

Motion to strike part of the record pending appeal, filed in the supreme court October 5, 1915.   Denied.

*Welch & Dore*, for appellant.

*Alfred H. Lundin*, for respondent.

MOUNT, J.—This case is pending here on appeal.   The respondent has filed a motion to strike from the record instructions therein which purport to have been given by the court at the trial.   The respondent makes a showing here by affidavit to the effect that the instructions which were actually given by the court are not included in the record; that the instructions which are included in the record purport upon their face to be instructions given by the court at the trial, but that these instructions were in fact instructions which were requested by the respondent, and so indorsed upon the back of the document and filed in the case, but that these requested instructions were in fact not given by the court to

[1] Reported in 152 Pac. 3.

the jury. It is also shown that the instructions which were
actually given by the court were not filed with the clerk of
the court where the case was tried, but were lost or destroyed
after they were given, and after they were taken by the jury
to the jury room.

The clerk in certifying to the transcript certifies, "that the
foregoing is a full, true, and correct transcript of so much
of the files and record in cause No. 7407, State of Washington
v. Paul Schuman, as I have been directed by the appellant
to transmit to the supreme court of the state of Washington
on appeal."

It is argued by the appellant that, inasmuch as the in-
structions which the respondent seeks to strike were actually
filed in the case, they are a part of the record, and therefore
cannot be stricken. We are satisfied that this position must
be sustained. It is not claimed that these instructions which
appear in the record are not a part of the record. It is con-
tended only that they were not given at the trial as the in-
structions of the court. Whether they were actually given
or not does not appear upon the face of the record, except a
statement heading the instructions as follows: "Instructions
of the court." The certificate of the clerk does not recite
that these instructions were given, but recites that they are
a part of the record. The judge who tried the case makes an
affidavit that these instructions were not the instructions
which were actually given. The stenographer who prepared
the instructions makes an affidavit to the same effect. The
prosecuting attorney makes an affidavit to that effect. Even
if this is true, it does not follow that this part of the record
may be stricken, because, as we have said above, it is clearly
a part of the record in the case, and so certified.

The denial of the motion, however, does not leave the prose-
cuting attorney without remedy. If, as is contended by him,
these instructions, which purport upon their face to be the
"instructions of the court," were not actually given, but are,
as he contends, instructions requested by him, and were so

indorsed upon the back thereof, a supplemental transcript of the whole document may be forwarded here which will show what this particular document in fact really is. Furthermore, if the instructions which were actually given by the court are not in the record, and have been lost or destroyed, as is claimed, it is plain that the court or judge who tried the case may, and it is his duty, to substitute a copy of the lost or destroyed record, under the provisions of Rem. & Bal. Code, § 1270 *et seq.* (P. C. 81 § 1147) ; and when so substituted, the respondent may then file the same in this court by supplemental record.

For these reasons, the motion is denied.

MORRIS, C. J., MAIN, PARKER, and HOLCOMB, JJ., concur.