## WESTERN PAINT & CHEMICAL CO. v. BOARD OF COM'RS OF GARFIELD COUNTY.

No. 23012. Opinion Filed Jan. 31, 1933.

McKeever, Elam, Stewart & McKeever, for plaintiff in error.

Dave Bucher, Co. Atty., A. L. Zinser, Asst. Co. Atty., and Simons, McKnight, Simons, Mitchell & McKnight, for defendant in error.

ANDREWS, J. For convenience, the plaintiff in error, Western Paint & Chemical Company, will be referred to in this decision as the paint company, and the board of county commissioners of Garfield county. Okla., the defendant in error, will be referred to herein as the board.

The record shows that the paint company, on the 30th day of September, 1929, commenced an action in the district court of Garfield county against the board to recover the sum of $12,274.75 on 96 causes

of action based on claims for scaling and painting bridges during the fiscal year commencing July 1, 1926. The board filed an answer therein, denying that it had ever contracted with the paint company for any labor or material. Judgment was rendered against the paint company. A motion for new trial was overruled, and the time to make and serve a case-made was extended to the 1st day of October, 1930. On the 6th day of October, 1930, there was filed in that court an instrument in writing which, by its terms, was directed to the county attorney of Garfield county, authorizing and directing him to allow the paint company to recover, and authorizing and directing him to confess a judgment in favor of the paint company

"* * * for the cost of material used in painting bridges and the amount of money actually paid by the plaintiff to the laborers in applying said paints on all the bridges so painted, save and except two bridges which were painted by the plaintiff located on the Garfield county and Noble county lines, which did not belong to Garfield county, and also deducting the cost of painting of one bridge which was upon an abandoned road."

The county attorney was therein directed—

"* * * that said journal entry of judgment shall in no event exceed sixty-six and two-thirds per cent. of (66 2/3%) the amount sued upon, less the amount claimed sued upon for the bridges above designated."

Therein it was recited:

"This compromise is authorized, ordered, and directed by the undersigned county commissioners of Garfield county, Okla., for the reason that the county, in fact, received the material and work sued for, and that the present litigation now involves a technical question as to the manner in which the contracts were let, and for the further reason that we feel that Garfield county doesn't want to take any property or anything of anyone for nothing, although from a technical standpoint they may be able to do so, and we feel that the best interests of the county are being served by authorizing and directing you to make this settlement."

That instrument was dated October 6, 1930. We quote the signatures thereto, as follows:

"S. E. Carrier,
"Earl I. Preston,
"Enid, Oklahoma—Oct 6—1930."

Those signatures were not attested by the county clerk, and the seal of the county was not affixed thereto. On October 13, 1930, the county attorney of Garfield county and the manager of the paint company presented to the trial court, for the signature of the trial judge, a form of journal entry of judgment, which was signed by the trial judge and filed in that court on that date. That journal entry of judgment recited the rendition of the judgment against the paint company on the 10th day of April, 1930, the filing of a supersedeas bond, the extension of time to make and serve a case-made; that:

"Whereas, the said board of county commissioners of Garfield county, Okla., on the 6th day of October, 1930, authorized the county attorney of said county, in writing, to settle and compromise said cause and make appearance for said board and confess said judgment in favor of the plaintiff in the amount of $7,771.95, which interest at the rate of six per centum per annum from November 1, 1926, until paid, said compromise and confession being $4,502.80, less than the amount prayed for in plaintiff's petition"

—that the parties appeared by their respective attorneys, and that the county attorney confessed judgment in favor of the paint company in the amount of $7,771.95, with interest at the rate of six per centum per annum from the 1st day of November, 1926, and it rendered judgment in favor of the paint company against the board for that amount. The judgment of April 10, 1930, against the paint company was not modified, vacated, or set aside, in terms.

On April 11, 1931, a succeeding county attorney commenced an action in the name of the board against the paint company to set aside the judgment rendered on October 13, 1930, on the ground that that judgment was unauthorized and void. It was therein contended that the purported order and authority of the county attorney to settle and compromise the suit was not the action of the board, and that the rendition of that judgment was procured by fraud. The paint company defended the action by contending that the county attorney was authorized by the board to compromise the litigation; that by reason thereof the paint company abandoned its appeal from the judgment of April 10, 1930; that the time for appeal therefrom had expired; that by reason thereof the board was estopped to assert the invalidity of the judgment of October 13, 1930; that the judgment of October 13, 1930, was rendered at a former term of court and had become final, and that that judg-

ment was a valid and subsisting judgment. The attorney for the paint company in this action did not represent the paint company in the former action.

The cause was submitted to the court upon those issues, and the court rendered a judgment setting aside the judgment of October 13, 1930. From that judgment the paint company appealed to this court.

The instrument filed in the court and relied upon by the paint company as the authority of the county attorney to confess the judgment which was rendered on the 13th day of October, 1930, was not signed by the board of county commissioners of Garfield county. It was signed by two individuals who were members of the board of county commissioners. This record shows that it was not signed by them during any session of the board of county commissioners, and they were not authorized at any session of the board of county commissioners to sign it. It was in no wise binding upon the board of county commissioners. The liability of the several members of the board of county commissioners, if any, is not here in question. In Board of County Com'rs v. Seawell, 3 Okla. 281. 41 P. 592. the territorial Supreme Court held:

"Under the law, a board of county commissioners can only contract to bind the county while they are sitting as a board; and an agreement with one of the members, in the absence of the others, does not bind the county."

That rule is amplified by this court in Butler v. Board of Com'rs, 57 Okla. 748. 157 P. 912. in which this court held:

"Article 9, c. 16, Rev. Laws 1910, which provides for a board of county commissioners, also makes provision for the time and place of the meeting of such board, how they shall transact business, and the record they shall keep of all transactions had on behalf of the county. Under such law the only way by which the county could be bound upon a contract was by action taken by the board while it was in session. And the evidence of what was done are the records kept by the board. Under this law a board of county commissioners could only act to bind the county while they were sitting as a board."

See, also, Board of County Com'rs v. Tulsa Camera Record Co., 103 Okla. 35, 228 P. 1103, and Jackson v. Board of Com'rs, 133 Okla. 263, 271 P. 1041.

If the instrument relied upon had been executed by the board of county commissioners in regular session, it would not have authorized the trial court to render the judgment rendered, for, as held in Jackson v. Board of Com'rs, supra:

"One who demands payment of a claim against a county must show some statute authorizing it, or that it arises from some contract, express or implied, which finds authority in law, and it is not sufficient that the services performed for which payment is claimed were beneficial."

A board of county commissioners is not authorized to waive either of those requirements. The claim must be based upon some contract, express or implied, and it must be authorized by some statute. There is nothing in this record, and there was nothing before the trial court from which the trial court could have held that the claim was based upon any contract, express or implied.

If the instrument relied upon had been executed by the board of county commissioners in regular session, it would not have authorized the rendition of the judgment rendered without the hearing of evidence by the trial court. No evidence was offered or heard. The trial court had theretofore heard the evidence offered by the paint company in support of its claim and had rendered a judgment against the paint company on the merits. There is nothing in the record to show a different condition than that presented to the trial court at the trial of the case and upon which it denied the paint company any relief. The trial court is authorized to render a judgment against a county when the evidence presented to the trial court shows a liability, or when the pleadings in the case show a liability, and there is no evidence to the contrary, but a trial court is not authorized to render a judgment against a county merely because a board of county commissioners sees fit to confess judgment when the issues made by the pleadings present a question as to liability and when the evidence shows that there is no liability. The instrument relied upon by the paint company admitted no fact that showed the county to be liable.

The fact that the county had received the material and work sued for did not make the county liable. See cases herein cited. The fact that the board of county commissioners does not want "to take any property or anything of anyone for nothing" in no wise makes the county liable in an action at law. The fact that the best interests of the county are being served by authorizing a judgment against the county in no wise makes the county liable. In City

of Tulsa v. Malloy, 104 Okla. 281, 231 P. 256, this court held:

"Whoever deals with a municipality does so with notice of the limitations on it or its agents' powers. All are presumed to know the law, and those who contract with it or furnish it supplies do so with reference to the law, and if they go beyond the limitations imposed, they do so at their peril."

In Board of Com'rs v. News-Dispatch Ptg. & Audit Co., 122 Okla. 107, 251 P. 606, this court held:

"The plaintiff is not entitled to recover on a claim or contract against the county, unless it can be shown that the contract rests upon some express or implied provision of the law."

The county commissioners are the financial agents of the county, and making of all contracts for the county and pertaining to county affairs, as well as the purchasing of all supplies and material for the county, is by law intrusted to them, acting as a board and not individually. Board of County Com'rs v. Seawell, supra.

It is not sufficient that the services performed without authority for which payment was demanded are beneficial to the county. Board of Com'rs v. Whitney, 73 Okla. 160, 175 P. 112, and Anderson v. Board of County Com'rs, 44 Okla. 164, 143 P. 1145.

The record in this case shows that the board of county commissioners of Garfield county, acting as such, never at any time authorized the county attorney to confess a judgment against the county in favor of the paint company. When the agent of the paint company went with the county attorney to the trial court and procured a judgment to be rendered on October 13, 1930, he did so with full knowledge of that fact. The judgment rendered was procured by fraud, as defined by the provisions of section 9417, O. S. 1931 (section 4996, C. O. S. 1921). The trial court committed no error when it vacated that judgment.

The judgment of the trial court is in all things affirmed.

RILEY, C. J., and McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. CULLISON, V. C. J., and SWINDALL, J., not participating.