## BOARD OF COUNTY COMMISSIONERS OF HUGHES COUNTY v. BUSEY.

### No. 24815.   Oct. 17, 1933.

J. M. Springer and Lee Warren Crutcher, for plaintiff in error.

W. W. Pryor and Hugh M. Sandlin, for defendant in error.

RILEY, C. J.  The judgment of the district court rendered March 7, 1933, by Honorable John B. Ogden, Assigned Judge, sustained a supplemental motion to quash the accusation filed in this cause for the removal from office of the county attorney of Hughes county.

The reason stated in the judgment quashing the accusation was that "the purported meeting of the board of county commissioners on the 13th day of February, 1933 (whereat the said board purported to authorize the action), was a nullity for the reason that said meeting was not held as an open and public meeting as required by law and the statutes of this state, and for the further reason that there was no resolution of said board (authorizing the action) properly filed with the county clerk of this county prior to the filing of the accusation herein. * * *"

The plaintiff appeals. Its petition in error is that it was "error on the part of the trial court to sustain the supplemental motion to quash."

The first phrase of the statement of facts contained in the brief of the plaintiff in error is that "on the 14th day of February, 1933, the county commissioners of Hughes county, Okla., took action to remove the county attorney from office and filed in the district court of that county an accusation. * * *" The fact assumed in that statement is the question involved in this cause. Did the county commissioners of Hughes county, as such, legally act to present an accusation against and authorize to be brought an action in the name of the county for the removal of the county attorney?

It is recited by plaintiff in error that "this supplemental motion to quash is the same identical motion that was overruled and denied by a previous order of the dis-

trict court and (that it) was filed after the issues were closed and with the pleas of not guilty entered and without leave of court either asked or granted to withdraw the pleas of not guilty for the purpose of presenting the supplemental motion, and over the objection of the county commissioners." Upon this recital plaintiff in error urges its first assignment of error, that:

"The order made by Honorable George C. Crump, then presiding, on the 20th day of February, 1933, overruling the motion to quash the accusation was never appealed from and has passed to a finality and was res adjudicata when the purported 'supplemental motion' was filed and presented on the 7th day of March, 1933."

There is no merit whatever in this contention.

Assuming that the supplemental motion is the same identical motion as previously presented, which is not the fact (p. 39 C.-M., pp. 20-21 C.-M., pp. 34-35 C.-M.), nevertheless a broad discretion is vested in trial courts to authorize, during the same term, a review and revisal or reversal of orders previously made. A fortiori, considering that the previous order was made by the resident judge, who subsequently certified his disqualifications to sit in this cause.

There is no merit to the second assignment of error. It is to the effect that "the issues were closed in the case at the time the defendant denied the charges and entered his pleas of not guilty on the 20th day of February, 1933," and that for that reason the trial court was without power to consider the supplemental motion until a withdrawal of the "not guilty" plea was allowed.

Suffice it to say the supplemental motion was filed by leave of court and without objection (p. 37 C.-M.). The trial court was empowered to dispose of it. Being so empowered, it had authority to do all necessary things for attainment of that objective. One of the requisite steps suggested by learned counsel is the allowance of the withdrawal of the plea theretofore entered before the subsequently disqualified judge. No objection by plaintiff was made upon this point to consideration in the trial court of the supplemental motion. None ought now be heard. By the very act of considering the supplemental motion, the trial court, constructively, if not in words, granted permission for the temporary withdrawal of the "not guilty" plea, if indeed such an act was necessary.

Lastly it is urged that "the court erred

as a matter of law by sustaining the purported 'supplemental motion to quash the accusation'." This contention is without merit. By the authority vested in them under section 3460, O. S. 1931, the board of county commissioners may present such an accusation and bring an action in the name of the county for the removal of such an officer, but to do so it is required that the said board act as such, and in the name of the county, as contradistinguished from separate actions as individuals. Western Paint & Chemical Co. v. Board of Com'rs of Garfield Co., 161 Okla. 300, 18 P. (2d) 888; Board of Co. Com'rs v. Seawell, 3 Okla. 281, 41 P. 592; Butler v. Board of Com'rs, 57 Okla. 748, 157 P. 912.

Herein Commissioner Gamble testified and the record shows that he alone signed the resolution to authorize institution of the action; that it never was filed with the county clerk; that he alone signed the resolution long after (February 20, 1933) the accusation had been filed (February 14, 1933), and that he signed the accusation in the office of the resident district judge (C.-M. p. 54). While the witness testified the resolution was adopted by the board of county commissioners on the 13th day of February, 1933 (p. 55), he further testified that its consideration was in executive session, behind closed doors without record, and with the clerk and all others barred from entry to the session save and except Mr. Springer, the attorney employed by the Governor to prosecute the action. This was not a session of the board of county commissioners as contemplated by law, and any official act performed by said board in such a session is a nullity.

Section 7647, O. S. 1931, provides the place of meeting of said board. Section 7649, Id., imposes duties upon and provides powers for the chairman of said board. See, also, section 7652 (concerning preservation of order and providing for punishment for contempt). Sections 7654, 7655, and 7656, Id., require the keeping of a record of all orders and decisions made by the board. Under the sixth subdivision of general powers bestowed upon said board and stated in section 7660, Id., falls the identical business sought to be transacted in this executive session; it is "to do and perform such other duties and acts that the board of county commissioners may be required by law to do and perform." See, also, section 7661, Id.

In so performing said duty, by virtue of section 7667, O. S. 1931, it is mandatory that said board of commissioners:

"* * * Shall hold their sessions with open doors, and transact all business in the most public manner, * * * and no executive session shall be held by said county commissioners pertaining to any matters coming before them, but all the matters shall be taken up and considered in open session, and where the county has no courthouse or the courthouse shall be unfit or inconvenient, they may hold their sessions for the transaction of business at any other suitable place in the county seat. All matters pertaining to the interest of the county shall be heard by the board of county commissioners in open session only. * * *"

This statute is plain and unambiguous. In the performance of its duties and functions it should be followed by the board of county commissioners.

Section 7699, O. S. 1931, requires the attendance of and performance of duties by the county clerk at the sessions of the board of county commissioners.

In fact, the trial judge, at the time of judgment quashing the proceedings, suggested that in 30 minutes, if the board of county commissioners desired to proceed further and to the merits of the cause, they could perfect the records before the county commissioners (p. 67 C.-M.).

This eminently fair and seemingly intelligent advice was stricken from the record upon the date of signing and settling case-made. Board of Ed. v. American Natl. Co., 135 Okla. 253, 275 P. 285.

In the case of McCasland v. Board of Com'rs of Adair County, 126 Okla. 103, 258 P. 750, it was said:

"It is important that an unfit officer be removed, * * * yet it is more important that the procedure for removal be definitely established. * * *"

It is not material whether action by the board of county commissioners for such removal be by presentation of an accusation and resolution or motion duly seconded and carried authorizing an action in the name of the county, but it is material whether the action be authorized by the board lawfully constituted and acting as such.

The brief of plaintiff in error with apologies goes far afield to recite evidence said to be adduced in a court of inquiry. The evidence is not of record in the cause at bar. Elimination of such matters would be helpful to this court. It should not be the purpose of lawyers to confuse any more than to deceive.

Judgment affirmed.

CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, and WELCH, JJ., concur. ANDREWS and BUSBY, JJ., absent.