## BOARD OF COUNTY COMʼRS OF PONTOTOC COUNTY v. CAREY, LOMBARD, YOUNG & CO.

No. 26461. Oct. 20, 1936.

W. V. Stanfield, Co. Atty., and Hoyt Driskill, Asst. Co. Atty., for plaintiff in error.

Dudley, Hyde, Duvall & Dudley, for defendant in error.

PER CURIAM. This action was filed in the district court of Pontotoc county by Carey, Lombard, Young & Company, a corporation, to recover $295.70, with interest, from the board of county commissioners of Pontotoc county.

The plaintiff in error appeared as defendant below, and the defendant in error as plaintiff. They will be referred to as they appeared in the lower court.

The petition alleges that from October 6, 1932, to January 20, 1933, plaintiff sold and delivered to Pontotoc county and the board of county commissioners of said county lumber and building materials, in the sum of $302, upon which there is a balance due and unpaid of $295.70, with an itemized statement, and said lumber and building materials were used and consumed in maintenance and construction work upon said highways; that said claim was presented to the board of county commissioners and disallowed on account of insufficient funds. The defendant appeared and filed a general denial.

The evidence disclosed that about October 6, 1932, one George R. Collins, Jr., then one of the county commissioners of Pontotoc county, by himself, appeared at Vanoss, Okla., at plaintiff's lumber yard, to buy bridge lumber, and he bought all of a certain pile of lumber all stacked, to

be taken away as he ordered it, all of which was used in Pontotoc county for bridge purposes; that when Mr. Collins, Jr., went in office, the county got so much highway money, and they had so much township funds, they took this highway money and split it three ways. He took his third and the other two commissioners took theirs. J. J. Shaw testified as follows:

"Q. Where was this lumber yard located? A. At Vanoss. Q. You say George Collins came out there by himself? A. Yes, sir. Q. Did you ever appear at a regular approved or special meeting of the board of county commissioners of Pontotoc county and sell this lumber to the board? A. No, sir. Q. To the board of county commissioners of Pontotoc county? A. No, sir; I never. Q. You dealt with George Collins as an individual and as an individual member of the board of county commissioners and he was the only one you talked to? A. He was the only one. Q. And the only official transaction you had with the board of county commissioners of Pontotoc county was with George Collins at your lumber yard out at Vanoss? A. Yes, sir."

This claim was filed with the board of county commissioners March 1, 1933, and disallowed July 3, 1933, on account of insufficient funds. Under the undisputed evidence George R. Collins, Jr., one of the county commissioners of Pontotoc county, individually and singly, bought the lumber and materials sued for. This contract was made by the individual action of George R. Collins, Jr., and did not bind the county of Pontotoc.

In the case of Board of Commissioners of Garfield County v. Anderson, 167 Okla. 253, 29 P. (2d) 75, this court held:

"The statutes which provide for a board of county commissioners also provide for the time and place of the meeting of such board, how they shall transact business, and the record they shall keep of all transactions had on behalf of the county. Under this law a board of county commissioners can only act so as to bind the county while they are sitting in session as a board. Individual action by members of the board does not bind the county. Board of County Com'rs v. Seawell, 3 Okla. 281, 41 P. 592; Butler v. Board of County Com'rs, 57 Okla. 748, 157 P. 912; Western Paint Co. v. Board of Com'rs of Garfield County, 161 Okla. 300, 18 P. (2d) 888; Board of Com'rs v. Busey, 166 Okla. 25, 25 P. (2d) 1098."

It seems a harsh rule that in order to protect the public from the acts of its agents a court must hold a county not liable even where it is admitted, as in this case, that the county received the lumber and had the use of it for the benefit of the public at large, yet at the same time the statutes herein cited have been passed for the benefit of the public at large, and since everyone is required to take notice of these statutes, it is not unreasonable to require a person dealing with a public agent, to follow the statutes, and that if in contracting one goes beyond the limitations imposed by article 10, sec. 26, of the Constitution, he does so at his own peril. In re Town of Afton, 43 Okla. 720, 144 P. 184, L. R. A. 1915D, 978; City of Enid v. Warner-Quinlan Asphalt Co., 62 Okla. 139, 161 P. 1092.

In Nolan v. Board of Com'rs of Grant County, 51 Okla. 320, 152 P. 63, this court held:

"A county commissioner has no authority to make a binding contract for the county, for all acts of the board must be done in regular session, but a contract made by an individual member of the board, when ratified by the other members, becomes binding upon both parties to the contract."

The case of Western Paint & Chemical Co. v. Board of County Commissioners of Kingfisher County, 172 Okla. 599, 46 P. (2d) 543, lays down the law as follows:

"The statutes which provide for a board of county commissioners also provide for the time and place of the meeting of such board, how they shall transact business, and the record they shall keep of all transactions had on behalf of the county. Under this law, a board of county commissioners can only act so as to bind the county while they are sitting in session as a board. Individual action by the members of the board does not bind the county."

The evidence being wholly insufficient to sustain the judgment, the judgment is reversed, and the case remanded, with directions to enter judgment dismissing petition.

The Supreme Court acknowledges the aid of Attorneys John H. Wright, Harris L. Danner, and Lee B. Thompson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Wright, and approved by Mr. Danner and Mr. Thompson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted, as modified.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur. RILEY, BAYLESS, BUSBY, and WELCH, JJ., absent.