## AUSTIN WESTERN ROAD MACHINERY CO. v. BOARD OF COUNTY COM'RS OF HUGHES COUNTY.

No. 26233.   Dec. 8, 1936.

Smith & Buckles, for plaintiff in error.

Chas. N. Hamilton, Special Co. Atty., and L. W. Crutcher, Co. Atty., for defendant in error.

WELCH, J. This is an appeal from the district court of Hughes county. The parties occupy the same relative positions here as they occupied in the trial court, and will be referred to as plaintiff and defendant.

Plaintiff's suit is based upon alleged contracts for supplies furnished to the defendant in 1930. Some parts of the supplies were furnished under the alleged contracts during the fiscal year 1929-30, and other parts were furnished under alleged contracts during the fiscal year 1930-31. The claims therefor were filed and disallowed in 1933. The chief defense is that the alleged contracts were not entered into by the board of county commissioners. The cause was tried to the court, resulting in a judgment in favor of the defendant.

The plaintiff here urges that the trial court erred in not rendering judgment for

plaintiff, and erred in its conclusions of law. The evidence shows that the materials were furnished as alleged, and indicates that the same were received and used by the county. The orders for same were placed in one instance by one of the county commissioners, and in another instance by another of the county commissioners, and in some instances by orders telephoned by one of the commissioners. There is some evidence to the effect that at least one of the orders was taken in the office of the county commissioners in the county courthouse, the same being given by one of the county commissioners only, but there being present at the time at least one other of the county commissioners. There is no effort to show any formal action taken by the board of county commissioners with reference to any of the orders by any minutes of the meeting of the board of county commissioners, or otherwise. Under such state of the record we conclude that plaintiff wholly failed to show any contract entered into with the board of county commissioners, and the same comes squarely within the rule announced in Western Paint & Chemical Co. v. Board of County Commissioners of Kingfisher County, 172 Okla. 599, 46 P. (2d) 543. Therein this court in a well-prepared opinion announced and discussed in considerable detail the applicable provisions of law in such cases.

Plaintiff contends, however, that this case is dissimilar to the Kingfisher County Case, supra, in that claims were filed herein, and that the board of county commissioners, after a consideration of same, made a partial allowance of one of the claims and issued a warrant therefor. We may say in this connection that there is some evidence indicating that a warrant, the date of which is not shown, in the sum of $100.80, appears to have been issued and delivered to plaintiff in partial payment of some one of the claims; this represented only a small portion of the total amount of the claims. It is plaintiff's contention that this partial allowance of one of the claims was a formal ratification by the board of county commissioners of the entire amount of the alleged several contracts. Aside from what might otherwise be said concerning this procedure as constituting ratification, we have no doubt that the same could not amount to a ratification of the alleged contracts herein sued upon, for the following reasons.

The record here before us shows conclusively that at the time the alleged contracts were entered into no effort was made to comply with sections 1 and 2, ch. 49, S. L. 1925, and there was no purchase order signed and certified by the county clerk, nor record thereof made by him. Consequently there resulted at that time no valid and binding contract with the board of county commissioners. Western Paint & Chemical Co. v. Board of County Commissioners of Washington County, 171 Okla. 302, 42 P. (2d) 533.

It is true that the evidence indicates that at the time of the alleged making of the contracts in 1930 there appeared to have been a sufficient balance of unexpended appropriations to support the several contracts. The record further shows, however, that at the time the claims were presented and acted upon formally by the board of county commissioners, which action is relied upon as ratification by the plaintiff, such funds had been exhausted at the end of each fiscal year involved by the issuance of warrants against the same. Assuming that the board of county commissioners did take formal action upon the claims, and assuming that such action might be otherwise sufficient to constitute ratification, which we do not decide, it is apparent that such board could not at the time it considered the claims make a valid and binding contract or ratify one otherwise subject to ratification when there were then no unexpended appropriations available against which the contract could be made. See State for Use of First State Bank of Wister v. Board of County Commissioners of LeFlore County, 177 Okla. 470, 60 P. (2d) 788, wherein is shown a situation whereby a contract invalid or incomplete as not having been entered into in compliance with sections 1 and 2, ch. 49, S. L. 1925, may be ratified by affirmative action in allowing a claim and issuing a warrant therefor and charging the warrant against the appropriation. It is therein shown that such a contract cannot be ratified if at the time of such action there is no unexpended balance of the appropriation. The record here strongly indicates that at the time of the action of the board of county commissioners relied upon here as ratification, there was no unexpended balance of appropriations available for the payment of the alleged contracts, and there is no showing to the contrary. On the whole record we conclude that no ratification is here shown. We find no error of the trial court in rendering judgment in favor of the defendant, and the cause is therefore affirmed.

McNEILL, C. J., and BAYLESS, CORN, and GIBSON, JJ., concur.