COUNTY HOSPITALS — CONTRACTS
The board of control of a county hospital does not have authority to enter into a contract whereby it agrees to guarantee a certain sum of money for a definite period of time to a private practicing physician without rendering service to the hospital or county. The Attorney General has considered your request for an opinion, wherein you ask the following questions: "Can a Tax supported County hospital enter into a contract whereby it agrees to guarantee a certain sum of money, for a definite period of time, to a private practicing physician?" County hospitals are governed by the board of control established by statute under 19 O.S. 781 [19-781], et seq. The board of control, as appointed by county commissioners, generally governs the operation of the hospital and, as stated in Section 19 O.S. 790.1 [19-790.1] (1975), (11) "have authority to adopt such by-laws, rules, and regulations as they deem desirable for their own guidance and the administration of a hospital, not inconsistent with the law." (Emphasis added) It is a well-established rule that all contracts with a county must rest upon some expressed or implied provision of law. Western Paint and Chemical Company v. Board of Commissioners of Garfield County, 18 P.2d 888,161 Okl. 300. The board of control for the county hospital has authority to appoint physicians to medical staff as provided in 19 O.S. 792 [19-792], which states: "If a county hospital is operated by a board of control, it shall be the duty of said board of control to appoint annually at the first meeting in January none other than good, competent, trained, and skilled physicians and surgeons to the medical staff of the hospital, after acceptance by the executive committee of the medical staff. Admission of patients to the hospital shall be only upon recommendation of a member of the medical staff. The medical staff shall organize and adopt rules, regulations, or bylaws for their practice in such county hospital, however, rules, regulations, or bylaws shall not become effective until approved by the board of control and when so approved they shall be signed by each member of the medical staff." Article X, Section 15 of the Oklahoma Constitution provides, in effect, that a state or county may not make a gift to a private individual or corporation. Lawrence v. Schellstede, 348 P.2d 1078 (1960). It is, therefore, manifest that a county hospital or board of control may contract with a private physician only for services to be rendered to or for the county. 72 C.J.S. Supp., Public Contracts, 918, states that "ultra vires public contracts are void and unenforceable and they raise no implied promise by public authority to pay for benefits received under them." It further states "an ultra vires contract, that is, one made by public officers who do not have authority to make the contract, is void and unenforceable, and cannot be validated by performance." And, "thus, a contractor cannot invoke an estoppel aid in the enforcement of an invalid contract." Also, see Board of County Commissioners of Okmulgee County v. Alexander,42 P.2d 884 (1935). It is, therefore, the opinion of the Attorney General that the board of control of a county hospital does not have authority to enter into a contract whereby it agrees to guarantee a certain sum of money for a definite period of time to a private practicing physician without rendering service to the hospital or county. (David K. McCurdy)